PEOPLE v PERKINS

Docket No. 53446. Submitted June 8, 1981, at Lansing.—Decided June 30, 1981.

Raymond J. Perkins was bound over for trial in Oakland Circuit Court on a charge of felonious driving. Defendant, who was 21 years old at the time of the offense, petitioned the court to be assigned the status of youthful trainee under the Holmes Youthful Trainee Act. At the hearing on the petition, the court ruled that the age requirements in the statute were unconstitutional and granted defendant youthful trainee status, Francis X. O'Brien, J. The people appeal. *Held:*

1. The age restrictions under the youthful trainee act are not arbitrary and are reasonably related to the legislative purpose for the act. The statute meets the requirements of the rational basis test of constitutionality. The trial court erred in striking down the act's age requirements as unconstitutional.

2. The trial court has the discretion to grant youthful trainee status only when a defendant is between the ages of 17 and 20 at the time the offense is committed.

Reversed and remanded.

1. CONSTITUTIONAL LAW — EQUAL PROTECTION — STRICT SCRUTINY TEST — RATIONAL BASIS TEST.

Equal protection analysis of a statute requires an initial determination of the proper test to be applied; if the statute affects a fundamental interest or makes an inherently suspect classification, a strict scrutiny test is appropriate and the statute will not be upheld unless the classification is justified by a compelling state interest; absent a fundamental interest or suspect classification, the rational basis test is appropriate and places the burden on the party challenging the statute to show that the classification is arbitrary and not reasonably or rationally related to the object of the legislation.

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 16A Am Jur 2d, Constitutional Law § 746 *et seq.*
[2, 5] 16A Am Jur 2d, Constitutional Law § 750.
[4] 16A Am Jur 2d, Constitutional Law §§ 554, 555, 557, 572.
[5] 73 Am Jur 2d, Statutes §§ 278-280.

2. CONSTITUTIONAL LAW — EQUAL PROTECTION — AGE DISCRIMINA-
    TION.
    Age is not a suspect classification for equal protection purposes.

3. CONSTITUTIONAL LAW — CRIMINAL OFFENDERS.
    Differences in treatment of criminal offenders do not generally
    affect fundamental interests for purposes of equal protection
    analysis of a statute.

4. CRIMINAL LAW — CONSTITUTIONAL LAW — LIBERTY.
    A defendant who has been found guilty beyond a reasonable
    doubt in a judicial proceeding providing the full panoply of
    rights and protections guaranteed to the criminally accused
    under both the federal and state constitutions has no funda-
    mental right to the exercise of unfettered liberty; his liberty
    may be constitutionally circumscribed by the state.

5. CRIMINAL LAW — HOLMES YOUTHFUL TRAINEE ACT — STATUTES.
    The Holmes Youthful Trainee Act constitutes remedial legisla-
    tion designed to alleviate problems with young offenders by
    permitting the use of rehabilitation procedures prior to convic-
    tion; the age restrictions under the act are not arbitrary and
    are reasonably related to the legislative purpose for the act
    (MCL 762.11 *et seq.;* MSA 28.853[11] *et seq.*).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *Richard H. Browne,* Assistant Prosecuting Attorney, for the people.

*Biernat, Bucci & Golski,* for defendant.

Before: DANHOF, C.J., and M. F. CAVANAGH and D. R. FREEMAN,* JJ.

PER CURIAM. The people appeal as of right from a circuit court order granting defendant youthful trainee status under the Holmes Youthful Trainee Act, MCL 762.11 *et seq.;* MSA 28.853(11) *et seq.*

Defendant was charged with involuntary manslaughter stemming from a car accident which

---

* Circuit judge, sitting on the Court of Appeals by assignment.

occurred on September 9, 1979. Following a preliminary examination, he was bound over for trial on a charge of felonious driving, MCL 752.191; MSA 28.661. Defendant subsequently petitioned the court to be assigned the status of youthful trainee under the Holmes Youthful Trainee Act. At the hearing on this petition, the court noted that defendant did not meet the age requirements set forth in the act because he was 21 years old on the date of the offense. However, the judge ruled that the age requirements in the statute were invalid, stating:

"[T]he Court does feel that it has the power in reviewing that statute to determine on its own, the validity of those age requirements, and in doing so, determined that that Statute, as it applies in that regard is considered to be *unconstitutional as not affording equal protection* to all citizens and arbitrarily placing an age limit upon the qualifications for consideration.

"The fact that a person is older and still has a good record should go more to his credit than the fact that he is younger." (Emphasis added.)

Defendant was then granted youthful trainee status.

The people appeal, claiming that the trial court erred in granting the petition.

The relevant statutory provision reads as follows:

"When a youth is alleged to have committed a criminal offense, other than murder in the first degree or a major controlled substance offense, *between the youth's seventeenth and twentieth birthdays,* the court of record having jurisdiction of the criminal offense may with the consent of both the affected youth and the youth's legal guardian or guardian ad litem elect to consider

and assign that youth to the status of youthful trainee." MCL 762.11; MSA 28.853(11). (Emphasis added.)

It is undisputed that defendant was not within the specified age period on the date of the offense and we therefore address the issue of whether the trial court erred in striking down the age restrictions as violative of equal protection.

Equal protection analysis requires an initial determination of the proper test to be applied. If the statute affects a fundamental interest or makes an inherently suspect classification, a strict scrutiny test is appropriate and the statute will not be upheld unless the classification is justified by a compelling state interest. Absent a fundamental interest or suspect classification, the alternative test places the burden on the party challenging the statute to show that the classification is arbitrary and not reasonably or rationally related to the object of the legislation. *McAvoy v H B Sherman Co,* 401 Mich 419, 452-454; 258 NW2d 414 (1977), *People v Schmidt,* 86 Mich App 574, 578; 272 NW2d 732 (1978).

We find that the strict scrutiny test is not proper in the instant case. Age is not a suspect classification for equal protection purposes. *Massachusetts Board of Retirement v Murgia,* 427 US 307, 313-314; 96 S Ct 2562; 49 L Ed 2d 520 (1976), *Johnson v City of Opelousas,* 488 F Supp 433 (WD La, 1980). Furthermore, differences in treatment of criminal offenders do not generally affect fundamental interests. *Marshall v United States,* 414 US 417; 94 S Ct 700; 38 L Ed 2d 618 (1974). Defendant's claim that his fundamental right to liberty would be impaired by the denial of youthful trainee status is meritless because the denial of liberty would occur only after he was found guilty in a judicial proceeding at which he would be

provided the full panoply of rights and protections guaranteed under the Federal and state constitutions. After such a determination of guilt, the state may circumscribe defendant's liberty. *People v McLeod,* 407 Mich 632, 662; 288 NW2d 909 (1980).

Since the statute does not interfere with a fundamental right or involve a suspect classification, we examine the age requirements under the rational basis test to determine whether the classification is arbitrary and not reasonably related to the object of the legislation. The Holmes Youthful Trainee Act constitutes remedial legislation designed to alleviate problems with young offenders by permitting the use of rehabilitation procedures prior to conviction, on the petition of the defendant. *People v Bandy,* 35 Mich App 53; 192 NW2d 115 (1971). The age classification indicates a legislative belief that individuals in the 17 to 20 age bracket would be more amenable to the training and rehabilitation provided under the act. The statute also evidences a legislative desire that persons in this age group not be stigmatized with criminal records for unreflective and immature acts. As plaintiff correctly notes, youthful offenders under the age of 17 are generally processed by the juvenile court system while criminal defendants over 17 are treated as adults. The Legislature apparently wanted to provide an alternative procedure for those offenders still in their teenage years in order to moderate this abrupt change in status.

Although the age classification set forth in the act may be imperfect because some criminal defendants over 20 years old could benefit from youthful trainee status, that fact does not render the statute unconstitutional. The line had to be drawn somewhere and we are unwilling to hold that a

cutoff point at age 20 is unreasonable or arbitrary. See, *People v Sorna,* 88 Mich App 351, 360-361; 276 NW2d 892 (1979). In *State v Ingram,* 293 A2d 289 (Del, 1972), the Delaware Supreme Court held that a statutory definition of "youthful offender" as any offender requiring incarceration who had not reached his 18th birthday was not unreasonable and arbitrary. The statute required that separate work, custody, training and treatment facilities be provided for such offenders. The following statement of the Court is applicable in the instant case:

"Chronological age alone, without regard for individual physical, mental, or emotional development, has been made the measure of maturity in many important areas of life, including the voting booth, the armed forces, marriage, contractual relations, and the courts. Practical necessity makes such automatic classifications unavoidable. While automatic classification of the individual, based upon chronological age alone, leaves much to be desired, it cannot be said that it rises to constitutional proportions of unreasonableness or arbitrariness * * *". *Id.,* 290.

We conclude that the age restrictions under the Holmes Youthful Trainee Act are not arbitrary and are reasonably related to the legislative purpose. Accordingly, we find that the lower court erred in striking down the act's age requirements as unconstitutional.

Defendant also argues that, even if the age classification is upheld, the trial court nevertheless had discretion to grant him youthful trainee status. This argument lacks merit. The plain language used in the statute indicates that the trial court is granted the discretion to award youthful trainee status only where the applicant falls within the specified age group.

The trial court's order granting defendant youthful trainee status is vacated and the case is remanded for further proceedings.

Reversed.