PEOPLE v MAHLER

Docket No. 89733. Submitted October 20, 1986, at Lansing. Decided December 16, 1986.

Martha A. Mahler was charged with driving while under the influence of intoxicating liquor and with having an unlawful blood alcohol content under a Troy city ordinance identical to the state statute on driving while under the influence of intoxicants. The district court denied defendant's motion to be assigned to youthful trainee status, holding that it had no jurisdiction to do so. Defendant appealed by leave granted and the Oakland Circuit Court, Fred M. Mester, J., reversed and remanded. The district court assigned defendant to youthful trainee status. The people appealed by leave granted.

The Court of Appeals *held:*

The court had jurisdiction to assign defendant to youthful trainee status. The charges were misdemeanors and within the jurisdiction of the district court, a court of record. The youthful trainee act applies to all criminal cases except first-degree murder and major controlled substance offenses.

Affirmed.

INFANTS — CRIMINAL LAW — YOUTHFUL TRAINEE ACT — DISTRICT COURTS.

District courts have jurisdiction to assign youthful defendants to youthful trainee status when charged with crimes to which the youthful trainee act applies and over which the district court has jurisdiction, including driving while under the influence of intoxicating liquor offenses (MCL 726.11; MSA 28.853[11]).

*Peter A. Letzmann,* City Attorney, and *Debra A. Christen,* Assistant City Attorney, for the people.

*Talpos, Arnold & Rooyakker, P.C.* (by *Robert G. Rooyakker*), for defendant.

REFERENCES

Am Jur 2d, Infants §§ 14 *et seq.;* 22 *et seq.*

See the annotations in the Index to Annotations under Children; District Courts.

Before: SULLIVAN, P.J., and SHEPHERD and R. M. SHUSTER,* JJ.

SULLIVAN, P.J. Defendant was charged with operating a motor vehicle while under the influence of intoxicating liquor (OUIL) and possessing a blood alcohol content exceeding 0.10 percent under a city ordinance identical to the state OUIL penal statute, MCL 257.625; MSA 9.2325. The district court denied defendant's petition to be assigned to the status of "youthful trainee" pursuant to the youthful trainee act on the basis that, as a district court, it did not have the jurisdiction to do so. After the circuit court reversed and remanded the matter to the district court, defendant was assigned to the status of youthful trainee for a period of two years. The people now appeal by leave granted, arguing that the assignment constituted reversible error. We affirm.

The people first maintain that the district court did not have jurisdiction to assign youthful offenders to the status of youthful trainee under the act. Section 11 of the act, MCL 762.11; MSA 28.853(11), provides in full:

> When a youth is alleged to have committed a criminal offense, other than murder in the first degree or a major controlled substance offense, between the youth's seventeenth and twentieth birthdays, the court of record having jurisdiction of the criminal offense may with the consent of both the affected youth and the youth's legal guardian or guardian ad litem elect to consider and assign that youth to the status of youthful trainee.

Where statutory language is clear and unambiguous, judicial interpretation to vary the plain

---

* Circuit judge, sitting on the Court of Appeals by assignment.

meaning of the provision is precluded; the Legislature must have intended the meaning which it plainly expressed, and we must enforce the statute as written. *Nerat v Swacker,* 150 Mich App 61, 64; 388 NW2d 305 (1986). *Hiltz v Phil's Quality Market,* 417 Mich 335, 343; 337 NW2d 237 (1983).

We find no ambiguity in the quoted provision. The youthful trainee act explicitly applies to all criminal offenses except first-degree murder or a major controlled substance offense, and grants jurisdiction to "the court of record having jurisdiction of the criminal offense." MCL 762.11; MSA 28.853(11). It is undisputed that district courts are courts of record, MCL 600.8101; MSA 27A.8101, and first offense OUIL offenses are misdemeanors, MCL 257.625(3); MSA 9.2325(3), within the district court's jurisdiction. MCL 600.8181; MSA 27A.8181.[1] Thus, the plain language of § 11 grants district courts jurisdiction to assign misdemeanor defendants to the youthful trainee status.

That the act should be interpreted in such a manner is further buttressed by the language of its commitment section, MCL 762.13; MSA 28.853(13), which states: "If a youth is assigned to the status of youthful trainee *and* the underlying charge is an offense punishable by imprisonment in a state prison for a term of more than 1 year, the court shall . . . " (emphasis added). This directive indicates the Legislature contemplated that a youth may be assigned to the status of youthful trainee even where the offender was not charged with a felony and, therefore, would have been tried in a district court.

In reaching our conclusion that the district court did not act without proper jurisdiction, we reject the people's reliance on the fact that district

[1] It is also undisputed that defendant, at age nineteen, was qualified to be assigned as a youthful trainee.

courts were nonexistent at the time the act was initially enacted. It is true, as the people contend, that, after district courts were created, the act was amended without the specific inclusion of a provision granting jurisdiction to them. However, a legislature, in amending a statute, is presumed to have knowledge of existing statutes. *Pryber v Marriott Corp,* 98 Mich App 50, 56; 296 NW2d 597 (1980), aff'd 411 Mich 887 (1981). When the Legislature amended the act [See historical note to MCL 762.11; MSA 28.853(11)] district courts were courts of record for purposes of establishing jurisdiction under § 11. Having amended the act without specifically excluding district courts from the parameters of § 11, we must presume that the Legislature was satisfied with the preexisting state of the law.

We note, for purposes of guidance to district courts, that, although we have concluded that such courts do have jurisdiction to assign a qualified offender to the status of youthful trainee under § 11 of the act, the act does not give them jurisdiction to commit an offender to the Department of Corrections for custodial supervision or to place the youth on probation. While MCL 762.13; MSA 28.853(13) directs the trial court to order such a disposition only where "the underlying charge is an offense punishable by imprisonment in a state prison for more than 1 year" (e.g., a felony), district courts do not have jurisdiction of felonies, MCL 600.8181; MSA 27A.8181. Moreover, since the general sentencing statute, MCL 769.1; MSA 28.1072, and the general probation statutes, MCL 771.1, 771.3(2); MSA 28.1131, 28.1133(2), are predicated upon actual convictions, they may not serve as the source of authority for a district court to order incarceration or probation against a youthful trainee who has not been tried or convicted of

a crime. *People v Wilson,* 97 Mich App 579, 582-583; 296 NW2d 110 (1980).[2]

The people's other argument on appeal is that the act should not apply to OUIL offenses. Again, we disagree.

In 1978, the Legislature amended § 11 of the act to exclude from its reach the offense of first-degree murder and major controlled substance offenses. MCL 762.11; MSA 28.853(11). Otherwise, the act still specifically applies to qualified youths who are "alleged to have committed *a* criminal offense" (emphasis added), *id.*

The people therefore once again request that we interpret the act in a manner contrary to the plain language employed by the Legislature. Applying the legal maxim of *expressio unius est exclusio alterius,*[3] we decline to do so. Had the Legislature desired to exclude OUIL offenders from qualifying under the act, it would have specifically included OUIL offenses in the 1978 amendment. The omission of such offenses from the amendment evidences an intent by the Legislature to exclude them from the small classes of offenses not covered by the act.

Affirmed.

---

[2] This, however, does not leave district courts remediless in situations where unsupervised youthful trainees display further deviant behavior. MCL 762.12; MSA 28.853(12) still authorizes trial courts to terminate the youthful trainee status at their discretion. Such termination, of course, serves to reinstate the criminal case against the youth.

[3] Express mention in a statute of one thing implies exclusion of similar things. *Moffit v Sederlund,* 145 Mich App 1, 17; 378 NW2d 491 (1985), lv den 425 Mich 860 (1986).