WEEKS v BOARD OF TRUSTEES, CITY OF DETROIT GENERAL
RETIREMENT SYSTEM

Docket No. 87534. Submitted October 22, 1986, at Detroit. Decided
May 5, 1987. Leave to appeal applied for.

Patricia Weeks brought an action against the Board of Trustees,
City of Detroit General Retirement System in the Wayne
Circuit Court to declare a provision of the Charter of the City
of Detroit unenforceable. Plaintiff's husband was employed by
the city from April 18, 1953, to August 1, 1960, and again from
September 1, 1970, until his death on October 14, 1984. Defen-
dant denied plaintiff's application for widow's retirement bene-
fits, citing a city charter provision whereby plaintiff's husband
forfeited his first seven years of service by virtue of not being
reemployed by the city within six years of termination of his
previous city employment. The court, Thomas Roumell, J.,
granted summary disposition for plaintiff. Defendant appealed.

The Court of Appeals *held:*

The provision in the Detroit City Charter for forfeiture, after
six years, of credit for prior service for purposes of calculating
retirement benefits is not unreasonable and unenforceable, and
does not violate equal protection.

Reversed and remanded.

1. MOTIONS AND ORDERS — SUMMARY DISPOSITION — ISSUE OF MATE-
RIAL FACT.

A motion for summary judgment for lack of a genuine issue of
material fact tests the factual support for the plaintiff's claim;
the trial court must consider the affidavits, pleadings, deposi-
tions, admissions and documentary evidence and, if the kind of
record which might be developed, giving the benefit of reason-
able doubt to the opposing party, would leave open an issue
upon which reasonable minds might differ, the motion should
be denied (MCR 2.116[C][10], 2.116[G][5]).

REFERENCES

Am Jur 2d, Constitutional Law §§ 735 *et seq.*
Am Jur 2d, Pensions and Retirement Funds §§ 39 *et seq.*; 70.
Am Jur 2d, Summary Judgment §§ 16, 24, 27.
See the annotations in the Index to Annotations under Pension and
Retirement; Summary Judgment.

2. CONSTITUTIONAL LAW — EQUAL PROTECTION — FUNDAMENTAL INTERESTS — BURDEN OF PROOF.

> A party attacking a statutory classification on equal protection grounds must demonstrate that the classification lacks a reasonable basis; when a classification does not involve a suspect class or a fundamental interest, the burden is on the party challenging the classification to demonstrate that there is no reasonable basis for the distinction; fundamental interests include the right to vote and travel, due process in criminal matters, and specific guarantees in the Bill of Rights.

3. CONSTITUTIONAL LAW — EQUAL PROTECTION.

> A classification having some reasonable basis does not violate equal protection because it is not made with "mathematical nicety" or because in practice it results in some inequality.

4. MUNICIPAL CORPORATIONS — RETIREMENT BENEFITS — EQUAL PROTECTION.

> The provision in the Detroit City Charter for forfeiture, after six years, of credit for prior services for purposes of calculating retirement benefits is not unreasonable and unenforceable (Detroit City Charter, Title 9, art IV, § 2).

*Milmet, Vecchio, Ward & Carnago, P.C.* (by *George W. Ward*), for plaintiff.

*Ronald Zajac,* for defendant.

Before: D. F. WALSH, P.J., and M. J. KELLY and C. W. SIMON,* JJ.

C. W. SIMON, J. Plaintiff, Patricia Weeks, filed a complaint for declaratory judgment requesting that a provision of the Charter of the City of Detroit be declared unenforceable on constitutional and equitable grounds. Plaintiff also filed a motion for summary disposition pursuant to MCR 2.116(C)(9) and (10). Defendant responded to plaintiff's motion and filed a motion for summary disposition pursuant to MCR 2.116(C)(8), (9) and (10). The trial court granted plaintiff's motion and denied defendant's. Defendant appeals as of right.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Plaintiff is the widow of Solan Weeks, who died on October 14, 1984. At the time of Mr. Weeks's death, he was the director of the City of Detroit Historical Commission. Mr. Weeks was an employee of the city from April 18, 1953, to August 1, 1960, and from September 1, 1970, to October 14, 1984. After her husband's death plaintiff applied to defendant, the Board of Trustees of the City of Detroit General Retirement System, for widow's retirement benefits under art VI, part E, § 2 of Title 9 of the 1918 Detroit Charter, incorporated by reference in § 11-102 of the 1974 charter, which states in part:

> Should any member, who continues in the employ of the City on or after the date he . . . (1) acquires twenty years of credited service, regardless of age . . . (a) die while in the employ of the city . . . and (b) leave a widow or widower, the said widow or widower, as the case may be, shall receive a retirement allowance . . . .

Defendant denied plaintiff's application on the basis of the forfeiture provision of art IV, § 2, which provides in part:

> [S]hould any member leave the employ of the City, for any reason except his retirement or death, he shall thereupon cease to be a member and his credited service at the time shall be forfeited by him. In the event he is re-employed by the City, he shall again become a member of the retirement system. Should his said re-employment occur within a period of six years from and after the date of his city employment last terminated his credited service last forfeited by him shall be restored to his credit . . . .

Although Solan Weeks had worked for the city for a total of twenty-one years, his first seven-year

period of employment was forfeited because more than six years elapsed between his two periods of employment with the city. Therefore, Mr. Weeks did not have the twenty years of "credited service" required to be eligible for retirement benefits.

After defendant answered plaintiff's complaint for declaratory judgment and her request for admissions, the parties filed their motions for summary disposition. At the hearing on the motions, the trial court ruled that the forfeiture provision was self-executing. However, the trial court held that the provision was unenforceable because it was unreasonable and violated equal protection. Therefore, the trial court granted plaintiff's motion for summary disposition and denied defendant's motion.

The trial court did not specify in its bench opinion or in its order which subsection of MCR 2.116(C) provided the basis for its ruling. We will consider plaintiff's motion as having been granted under subsection (10) because it appears to have been granted as a matter of law.

A motion for summary disposition brought under MCR 2.116(C)(10) asserts that no genuine issue of material fact exists. In ruling on the motion, the trial court must consider the affidavits, pleadings, depositions, admissions and other documentary evidence submitted by the parties. MCR 2.116(G)(5). The opposing party must show that a genuine issue of fact exists. Giving the benefit of reasonable doubt to the opposing party, the trial court must determine whether the kind of record that might be developed would leave open an issue upon which reasonable minds could differ. *Linebaugh v Berdish,* 144 Mich App 750, 753-754; 376 NW2d 400 (1985).

A party attacking a statutory classification on

equal protection grounds must demonstrate that the classification lacks a reasonable basis. When a classification does not involve a suspect class or a fundamental interest, the burden is on the party challenging the classification to demonstrate that there is no reasonable basis for the distinction. *Forest v Parmalee,* 402 Mich 348, 356; 262 NW2d 653 (1978). The instant case does not involve a suspect class, nor does it involve a fundamental interest. Fundamental interests include the right to vote and travel, due process in criminal matters, and specific guarantees in the Bill of Rights. *In re Contempt of Stone,* 154 Mich App 121, 128; 397 NW2d 244 (1986); *Anderson v Detroit,* 54 Mich App 496, 499, n 1; 221 NW2d 168 (1974), lv den 400 Mich 826 (1977). Therefore, we must review the forfeiture provision to determine whether there is a reasonable basis for forfeiting a reinstated city employee's previous credited service if the employee has been absent from city employment for a period exceeding six years.

The trial court made no specific findings as to the purpose of the forfeiture provision. In this Court, plaintiff simply argues that there is no reasonable basis for the provision. Defendant, however, claims that the forfeiture provision encourages continuous employment with the city, which spares the city the necessity and expense of retraining returning employees and updating them as to new procedures.

Because plaintiff is challenging the forfeiture provision, she has the burden of proof of showing that there is no reasonable basis for the provision. *Forest, supra.* Plaintiff has failed to sustain that burden. Defendant has presented a reasonable basis for the forfeiture provision: to encourage continuous employment which, in turn, results in a more orderly and efficient operation of city

government. Therefore, the forfeiture provision itself does not violate the equal protection clause.

We disagree with plaintiff's claim that the forfeiture provision arbitrarily set six years as the maximum time between periods of employment before forfeiture occurs. A classification having some reasonable basis does not violate equal protection because it is not made with "mathematical nicety" or because in practice it results in some inequality. *Tracer v Bushre,* 381 Mich 282, 291; 160 NW2d 898 (1968).

In the instant case, it is impossible for the City of Detroit to determine with certainty when a former employee's absence is so long that the city will bear a burden should the employee be reinstated. The efforts required to retrain a returning employee will vary depending on the position and employee involved. Therefore, we find that the six-year time limit in the forfeiture provision is not arbitrary but reasonable. We note that the six-year time limit in the Detroit Charter is more generous than the one-year time limit this Court upheld in the challenged forfeiture provision in *Garcia v City of Warren Civil Service Comm for Police & Fire Dep'ts,* 78 Mich App 603; 261 NW2d 19 (1977).

Plaintiff is in the class of widows of city employees who died with less than twenty years of credited service. She also claims that denying her benefits violates equal protection because were she differently situated, she might be entitled to benefits. Plaintiff's claim, however, misses the point of the equal protection clause, which requires that persons under similar circumstances and conditions be treated equally unless there is a rational basis for treating them differently. *Moore v Spangler,* 401 Mich 360, 370; 258 NW2d 34 (1977). Nothing in the equal protection clause requires

that persons under different circumstances be treated the same.

We conclude that the forfeiture provision of the Detroit Charter does not violate the equal protection clause. There is a reasonable basis for both the provision and the six-year time limit. Therefore, the trial court erred in granting plaintiff's motion for summary disposition.

However, we agree with the trial court's ruling that the forfeiture provision is self-executing. Therefore, defendant's motion for summary disposition should have been granted pursuant to MCR 2.116(C)(8) because plaintiff failed to state a claim upon which relief could be granted.

We reverse the trial court's grant of plaintiff's motion for summary disposition and its denial of defendant's motion for summary disposition. We remand this case to the trial court for entry of an order and judgment for defendant consistent with this opinion.