PEOPLE v STEWART

Docket No. 116590. Submitted February 15, 1990, at Lansing. Decided October 19, 1992, at 9:35 A.M. Leave to appeal sought.

Richard M. Stewart pleaded guilty as charged in the Oakland Circuit Court, Richard D. Kuhn, J., of delivery of over 650 grams of cocaine and received the mandatory sentence of life imprisonment without parole. He appealed.

The Court of Appeals *held:*

1. The trial court did not err in refusing to consider the defendant for youthful trainee status, as provided under MCL 762.11; MSA 28.853(11). The statute, by its terms, does not apply to those who are convicted of a major controlled substance offense or a felony punishable by life imprisonment.

2. The mandatory sentence of life imprisonment for delivery of over 650 grams of cocaine, as provided in MCL 333.7401(2)(a) (i); MSA 14.15(7401)(2)(a)(i), does not violate the separation of powers clause, Const 1963, art 3, § 2.

3. The defendant was denied effective assistance of counsel, requiring reversal of his conviction and remand for further proceedings. Counsel's performance was made deficient, and the defendant was prejudiced, by counsel's advice that the defendant plead guilty as charged without any concessions by the prosecution so that claims could be raised on appeal regarding the constitutional validity of the defendant's exclusion from youthful trainee status and the public policy implications of such an exclusion. The defendant would have been no worse off had he been convicted after trial, because the sentence would have been the same and he could have raised the same meritless claims on appeal.

MICHAEL J. KELLY, P.J., and WAHLS, J., concurring, additionally stated that *People v Bullock,* 440 Mich 15 (1992), which invalidated the no-parole provision of the mandatory penalty for possession of 650 grams or more of cocaine as being cruel or unusual under Const 1963, art 1, § 6, also invalidated the statutory prohibition of parole for delivery of 650 grams or more of cocaine. However, that issue is not outcome determinative in this case.

Judge SAWYER additionally would hold that *Bullock* did not

invalidate the prohibition of parole for delivery of 650 grams or more of cocaine.

Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Richard Thompson,* Prosecuting Attorney, *Robert C. Williams,* Chief, Appellate Division, and *Thomas S. Richards,* Assistant Prosecuting Attorney, for the people.

*Elbert L. Hatchett,* for the defendant.

Before: MICHAEL J. KELLY, P.J., and WAHLS and SAWYER, JJ.

SAWYER, J. Defendant appeals from a plea-based conviction of delivery of over 650 grams of cocaine. MCL 333.7401(2)(a)(i); MSA 14.15(7401)(2)(a)(i). He was sentenced to the mandatory term of life imprisonment without the possibility of parole. Although we affirm on the issues raised in defendant's brief on appeal, we nevertheless reverse on an issue we raise sua sponte, namely, that defendant was denied the effective assistance of counsel.

I

On appeal, defendant first argues that the sentence of life imprisonment without parole constitutes cruel or unusual punishment under the Michigan Constitution and cruel and unusual punishment under the United States Constitution. The United States Supreme Court rejected the claim that the statute violates the prohibition against cruel and unusual punishment under the Eighth Amendment in *Harmelin v Michigan,* 501 US —; 111 S Ct 2680; 115 L Ed 2d 836 (1991). The Michigan Supreme Court, in *People v Bullock,* 440 Mich 15; 485 NW2d 866 (1992), concluded that the

penalty of life imprisonment without parole for simple possession under MCL 333.7403(2)(a)(i); MSA 14.15(7403)(2)(a)(i) constitutes cruel or unusual punishment under Const 1963, art 1, § 6. However, the Court took care to limit its holding to simple possession. The Court noted that the sentence of life imprisonment without parole was imposed "for mere possession of cocaine, without any proof of intent to sell or distribute," *Bullock, supra* at 37, and it struck down the no-parole portion of the penalty for defendants sentenced "under the same penalty and *for the same offense,*" *id.* at 42 (emphasis added). While the Supreme Court may choose to extend the *Bullock* holding to cases under § 7401(2)(a)(i), I decline to do so in light of the great care that the *Bullock* Court took in limiting its holding to § 7403(2)(a)(i).

II

Defendant next argues that the trial court erred in refusing to consider him for youthful trainee status under the Youthful Trainee Act, MCL 762.11; MSA 28.853(11), which provides in pertinent part as follows:

> When a youth is alleged to have committed a criminal offense, *other than a felony for which the maximum punishment is life imprisonment, a major controlled substance offense,* or a traffic offense between the youth's seventeenth and twentieth birthdays, the court of record having jurisdiction of the criminal offense may, with the consent of both the affected youth and the youth's legal guardian or guardian ad litem, consider and assign that youth to the status of youthful trainee. [Emphasis added.]

However, under the terms of the statute, defen-

dant was ineligible for consideration as a youthful
trainee. While defendant's brief presents a number
of policy considerations concerning why he should
be eligible for youthful trainee status, those policy
considerations should be addressed to the Legisla-
ture in light of its specific decision to exclude from
consideration under the Youthful Trainee Act indi-
viduals who commit crimes such as the one com-
mitted by defendant. To the extent that defendant
also suggests that his exclusion from consideration
under the Youthful Trainee Act constitutes a de-
nial of equal protection, that argument is not
properly before the Court because defendant fails
to support his position with any argument or
citation of authority. *People v Noble,* 152 Mich
App 319, 328; 393 NW2d 619 (1986). In any event,
it was within the Legislature's prerogative to limit
the applicability of the Youthful Trainee Act. Cf.
*People v Perkins,* 107 Mich App 440, 444-445; 309
NW2d 634 (1981) (act does not deny equal protec-
tion on the basis of age).

III

Defendant's final argument is that the manda-
tory sentence of life imprisonment is unconstitu-
tional as a violation of the separation of powers
clause of the state constitution. See Const 1963,
art 3, § 2. We disagree. See *People v Hall,* 396
Mich 650, 658; 242 NW2d 377 (1976).

IV

We note the significant omission of a critical
issue. Whether this oversight is attributable to the
fact that the same person served as trial counsel
and appellate counsel is debatable. Nevertheless,
although we have rejected the arguments raised

by defendant on appeal, we reverse defendant's conviction on an issue we raise ourselves. We conclude that defendant was denied the effective assistance of counsel. Defendant was charged with a capital crime, conviction of which would mandate life imprisonment without the possibility of parole. Defendant petitioned the trial court for consideration under the Youthful Trainee Act, which the trial court properly denied in light of the terms of that statute. Defense counsel thereafter advised the defendant to plead guilty as charged, with no quid pro quo, for the sole stated purpose of being able to raise on appeal the argument that defendant should have been considered under the Youthful Trainee Act. That argument involves only policy considerations that properly should be addressed to the Legislature. The only claim upon which defendant could conceivably prevail on this issue, the claim of equal protection, was presented without argument or citation of authority.

To establish ineffective assistance of counsel, a defendant must show that counsel's performance was deficient, utilizing an objective standard of reasonableness, and the deficiency must be prejudicial to the defendant. *People v Tommolino,* 187 Mich App 14, 17; 466 NW2d 315 (1991); see also *Strickland v Washington,* 466 US 668; 104 S Ct 2052; 80 L Ed 2d 674 (1984). In the case at bar, defense counsel advised defendant to plead guilty of a crime that carried a mandatory sentence of life imprisonment without parole, the defendant received no concessions from the prosecutor in exchange for that plea, and the sole purpose of the guilty plea was to raise an issue on appeal that not only lacked merit and on which it would, on its face, be difficult to prevail but also one that could have been raised had defendant chosen to go

to trial. That is, the court having refused to consider him under the Youthful Trainee Act in accordance with the terms of the statute, defendant could nevertheless have gone to trial and, if convicted, still raised on appeal an argument that the trial court erred in denying his petition for consideration under the Youthful Trainee Act.

Instead, defense counsel advised his client, an eighteen-year-old first-time offender, to plead guilty as charged. While the evidence against defendant was admittedly strong and his chances of prevailing at trial were obviously slight, he had little reasonable choice, in light of the prosecution's refusal to consider a plea bargain to a lesser offense, but to proceed to trial and hope that either the prosecutor would commit an error and fail to establish one of the elements of the offense or that the jury would feel benevolent and acquit him. While such action obviously seems desperate, defendant was in a desperate situation.[1]

We do not suggest, of course, that to advise a defendant to plead guilty as charged constitutes ineffective assistance of counsel in all cases. In most cases, where there is discretion vested in the trial court with regard to sentencing, there may well be a solid strategy for entering a guilty plea, thus avoiding undue emphasis on the facts that would be revealed at trial and that might adversely affect the trial court's sentencing decision. However, in the case before us, there was no discretion vested in the sentencing judge and, therefore, defendant received absolutely no benefit from pleading guilty. Defendant would have been no worse off had he gone to trial.

---

[1] Further, in light of the Supreme Court's recent decision in *Bullock, supra,* there would also be the possibility of convincing the jury that a reasonable doubt existed with respect to the delivery element, and obtaining a conviction of the lesser offense of simple possession. Under *Bullock,* the defendant would then be eligible for parole.

Accordingly, we conclude that defense counsel's actions of having his client plead guilty of the charged offense constituted an objective indication of deficient performance by counsel and resulted in prejudice to defendant. Accordingly, we conclude that defendant's conviction should be reversed because of his failure to receive effective assistance of counsel.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

Michael J. Kelly, P.J., and Wahls, J., *(concurring)*. We agree with Judge Sawyer's opinion except for section I.

We concur in the result reached, but are of the opinion that the penalty for delivery is subject to the same ratiocination as the Supreme Court majority applied to possession in the case of *People v Bullock*, 440 Mich 15; 485 NW2d 866 (1992). We would therefore hold unconstitutional the no-parole portion of the penalty of MCL 33.7401(2)(a)(i); MSA 14.15(7401)(2)(a)(i) precisely as the Supreme Court did in *Bullock, supra*. However, because the constitutional issue is not outcome determinative, we concur in the result reached by Judge Sawyer.