BISSELL v KOMMAREDDI

Docket No. 136242. Submitted April 15, 1993, at Lansing. Decided
    December 6, 1993, at 9:00 A.M. Leave to appeal sought.

Jamie Bissell brought a malpractice action in the Genesee Circuit
    Court against Prasad Kommareddi, M.D., and his professional
    corporation more than two years after receiving treatment
    from the defendant at the age of sixteen. The court, Earl E.
    Borradaile, J., granted summary disposition for the defendants,
    ruling that the action was barred by MCL 600.5851(7); MSA
    27A.5851(7), which provides in part that a medical malpractice
    claim that accrues to a person who is more than thirteen years
    of age is subject to the period of limitation set forth in MCL
    600.5838a; MSA 27A.5838(1), which for plaintiff's action pro-
    vides a two-year limitation period. The plaintiff appealed,
    claiming that § 5851(7) violates equal protection and due pro-
    cess guarantees.

The Court of Appeals *held:*

Section 5851(7), in providing a limitation period for medical
    malpractice claims by minors that is more restrictive than the
    limitation periods for all other tort claims by minors, does not
    violate equal protection because it is rationally related to the
    legislative objective of securing adequate and affordable health
    care for minors by reducing health-care providers' exposure to
    malpractice claims and does not violate due process because it
    does not divest minors of access to the courts, but merely
    shortens the time within which minors must bring suit.

Affirmed.

LIMITATION OF ACTIONS — MEDICAL MALPRACTICE — MINORS — EQUAL
    PROTECTION — DUE PROCESS.

The statute of limitations that subjects the medical malpractice
    claims of minors older than thirteen years to the same limita-
    tion periods that apply to the medical malpractice claims of
    those who are eighteen years old or older does not violate equal

REFERENCES

Am Jur 2d, Limitation of Actions § 182.

Medical malpractice statutes of limitation minority provisions. 62
    ALR4th 758.

protection or due process in providing a limitation period that is more restrictive than those periods that apply to all other tort claims of such minors (MCL 600.5851[7]; MSA 27A.5851[7]).

*Kelman, Loria, Downing, Schneider & Simpson* (by *Thomas M. McGuire*), for the plaintiff.

*Law Offices of Rusch & Prine* (by *Andrew W. Prine*), for the defendants.

Amicus Curiae:

*Kerr, Russell & Weber* (by *Richard D. Weber* and *Joanne Geha Swanson*), for Michigan State Medical Society.

Before: WHITE, P.J., and CAVANAGH and JANSEN, JJ.

CAVANAGH, J. In this medical malpractice lawsuit, plaintiff appeals as of right the trial court's decision to grant defendants' motion for summary disposition based on the statute of limitations provided in MCL 600.5851(7); MSA 27A.5851(7). Plaintiff contends that the statute of limitations violates equal protection because it creates an unreasonable and arbitrary distinction between minors with tort claims based on medical malpractice and minors with tort claims based on other theories of recovery. Plaintiff also argues that the statute violates due process because it eliminates access to the courts before a victim of medical malpractice has reached the age of majority. We affirm.

On October 28, 1987, when plaintiff was sixteen years old, she fell and suffered a number of facial fractures just after Dr. Kommareddi had drawn three vials of her blood. On April 17, 1990, six months after plaintiff's eighteenth birthday, she

filed this complaint. On November 19, 1990, the trial court granted defendants' motion for summary disposition because plaintiff's claim was time-barred. Plaintiff appeals, arguing that the classification created by the statute is irrational because it does not further the purpose of alleviating the crisis in the health-care industry. Plaintiff also challenges the statute on due process grounds because it extinguishes her right to pursue a tort claim before she has reached the age of majority. We disagree.

Under traditional equal protection analysis, a legislative classification must be sustained if the classification is rationally related to a legitimate governmental interest. *Shavers v Attorney General,* 402 Mich 554, 612-613; 267 NW2d 72 (1978). In reviewing equal protection challenges to socioeconomic legislation, the United States Supreme Court has said that the constitution "is offended only if the classification rests on grounds wholly irrelevant to the achievement of the [legislative] objective." *McGowan v Maryland,* 366 US 420, 425-426; 81 S Ct 1101; 6 L Ed 2d 393 (1961). Consequently, legislative judgment must be accepted if it is supported by "any state of facts either known or which could reasonably be assumed." *Shavers, supra* at 613-614. The plaintiff normally bears the burden of showing that the classification is arbitrary and does not bear a rational relation to the object of the legislation. *Johnson v Harnischfeger Corp,* 414 Mich 102, 113; 323 NW2d 912 (1982).

Section 5851 is part of the Tort Reform Act of 1986 and was ostensibly enacted to eliminate the "long tail" that arises when a minor is allowed to pursue a cause of action that may have accrued as much as eighteen years earlier. Clearly, the object of the challenged legislation was to limit the period of time during which health-care providers

would be at risk from malpractice suits. In our opinion, the means sought by the Legislature was reasonably related to this objective because of the large number of children receiving health care and the lengthy exposure to malpractice claims that would result in the absence of the enacted limitation period. The state unquestionably has a legitimate interest in securing adequate and affordable health care for its residents. And it is reasonable to assume that a lessening of exposure to malpractice claims would encourage health-care providers to remain in this state. Plaintiff has failed to show that the classification is arbitrary and does not bear a rational relation to the object of the legislation.

With respect to plaintiff's due process challenge, statutes of limitation are to be upheld unless it can be demonstrated that their consequences are so harsh and unreasonable that they effectively divest plaintiffs of the access to the courts intended by the grant of the substantive right. *Forest v Parmalee*, 402 Mich 348, 359; 262 NW2d 653 (1978). In this case, even though the statute of limitations does shorten the time within which minors must bring suit, we believe that it provides more than a reasonable amount of time for their claims to be pursued.

Affirmed.