PEOPLE v GROFF

Docket No. 158452. Submitted January 11, 1994, at Detroit. Decided May 2, 1994, at 9:30 A.M.

Richard A. Groff pleaded guilty in the Recorder's Court for the City of Detroit, Michael F. Sapala, J., of operating a vehicle while under the influence of intoxicating liquor, third offense, and was sentenced to two to five years in prison. He filed a motion seeking to modify or reduce his sentence under MCL 801.257; MSA 28.1747(7). The court denied the motion, finding that the statute does not apply to state prison inmates. The defendant appealed.

The Court of Appeals *held*:

1. The statute is intended to apply only to prisoners in county jails, who will be incarcerated for no more than one year.

2. The Legislature's choice to treat prisoners in county jails differently from prisoners in state prisons is rationally based on the difference between the two groups. It is not irrational for the Legislature to implement the good-time and disciplinary credit system for state prisoners, under MCL 800.33; MSA 28.1403, in lieu of the system provided under MCL 801.257; MSA 28.1747(7), which allows the court to approve a reduction in the sentence of a county jail prisoner. The defendant was not denied equal protection under the federal constitution or the state constitution.

Affirmed.

1. SENTENCES — COUNTY JAIL INMATES — REDUCTIONS IN SENTENCES.

The statute that permits trial courts to reduce the sentences of inmates in county jails does not apply to state prison inmates (MCL 801.257; MSA 28.1747[7]).

2. SENTENCES — CONSTITUTIONAL LAW — COUNTY JAIL INMATES — STATE PRISONERS — REDUCTIONS IN SENTENCES — GOOD-TIME CREDITS.

The Legislature's choice to treat county jail inmates differently

REFERENCES

Am Jur 2d, Criminal Law §§ 831, 833; Penal and Correctional Institutions §§ 222-224, 226.

Withdrawal, forfeiture, modification, or denial of good-time allowance to prisoner. 95 ALR2d 1265.

from state prisoners for purposes of reducing the sentences of county jail inmates and granting good-time and disciplinary credits to state prisoners is rationally based on the differences between the two groups and does not deny equal protection under the federal constitution or the state constitution (US Const, Am XIV; Const 1963, art 1, §§ 1-2; MCL 800.33, 801.257; MSA 28.1403, 28.1747[7]).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of Research, Training, and Appeals, and *Lora Weingarden,* Assistant Prosecuting Attorney, for the people.

*Mark S. Bosler,* for the defendant.

Before: WHITE, P.J., and BRENNAN and G. B. FORD,* JJ.

WHITE, P.J. Defendant appeals as of right the denial of his motion to modify or reduce his sentence under MCL 801.257; MSA 28.1747(7), challenging the Recorder's Court's decision that the statute does not apply to state prison inmates. We affirm.

Defendant pleaded guilty of operating a vehicle while under the influence of intoxicating liquor, third offense, MCL 257.625(6); MSA 9.2325(6), and was sentenced to two to five years in prison.[1] Thereafter, while incarcerated in the trusty camp at the State Prison of Southern Michigan, defendant filed a motion under MCL 801.257; MSA 28.1747(7), seeking to reduce his sentence by one-quarter, or to modify the sentence to allow him to

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

[1] The sentencing court noted that defendant had been convicted seven times for drunk driving, and concluded that he posed "a clear and present danger" to the public.

serve a portion at home on a tether or through a work-release program from prison.

The Recorder's Court denied defendant's motion, stating that it did not have the authority under the statute to reduce a sentence of incarceration with the Michigan Department of Corrections. On appeal, defendant argues that the Recorder's Court erred in construing the statute too narrowly and denied him equal protection because, notwithstanding the provision's context in an act providing for specific sentencing options for county prisoners,[2] state prisoners have the same interest in obtaining sentence reductions as do county prisoners, and the Recorder's Court's construction of the statute denies state prisoners access to the courts to seek that reduction.

As defendant observes, MCL 801.257; MSA 28.1747(7) is found in an act providing for sentencing options that may be granted to county prisoners, MCL 801.251 *et seq.*; MSA 28.1747(1) *et seq.* The stated purpose of the act is

> to provide for the day parole of prisoners in county jails to permit them to be gainfully employed outside the jail or pursue other activities; to provide for the granting of reduction in terms of imprisonment and the regulation thereof; and to provide for the disposition of earnings from such employment. [Preamble to 1962 PA 60; as amended by 1982 PA 15, § 1.]

The act allows a court, in sentencing a person to a term in the county jail, to include the privilege of leaving the jail on a limited basis to: (a) seek employment; (b) work; (c) conduct a business, keep house, or care for the prisoner's family; (d) attend school; or (e) obtain medical treatment. MCL

---

[2] 1962 PA 60, as amended by 1982 PA 15, § 1, 1984 PA 120, and 1987 PA 146, § 1; MCL 801.251 *et seq.*; MSA 28.1747(1) *et seq.*

801.251; MSA 28.1747(1). As used in the act, "jail" means

> a facility that is operated by a county for the detention of persons charged with, or convicted of, criminal offenses or ordinance violations, or persons found guilty of civil or criminal contempt, for not more than 1 year. [MCL 801.251(3); MSA 28.1747(1)(3).]

In addition, the act permits a reduction in sentence. MCL 801.257; MSA 28.1747(7) provides in pertinent part:

> Except as [otherwise provided], a prisoner may receive, if approved by the court, a reduction of 1/4 of his or her term if his or her conduct, diligence, and general attitude merit such reduction.

Defendant first argues that in refusing to apply the reduction option to noncounty prisoners, the trial court construed the statute too narrowly. We disagree. Although defendant is correct that penal statutes, where ambiguous, are to be construed in favor of a defendant, *People v Johnson,* 195 Mich App 571, 575-576; 491 NW2d 622 (1992), this is not a penal statute, but a statute addressing sentencing options in the context of county jails. Moreover, even penal statutes must be construed according to the fair import of their terms.

Statutes should be construed to give effect to the intent of the Legislature. *Goodwill Community Chapel v General Motors Corp,* 200 Mich App 84, 87; 503 NW2d 705 (1993). Reference to the context of the statute is appropriate where necessary. *Id.* Here, the context of the statute makes clear that the Legislature intended the reduction option provided in MCL 801.257; MSA 28.1747(7) to apply

only to prisoners in county jails, who will be incarcerated for no more than one year.

Defendant next argues that MCL 801.257; MSA 28.1747(7) is analogous to MCL 800.33; MSA 28.1403, which provides for good-time credits. Defendant argues that that statute makes no distinction between prisoners serving county time and those serving time in state prisons, and that no such distinction should be made in the construction of the statute at issue here. We again disagree. The good-time credit provision is part of the prison code, MCL 800.33 *et seq.*; MSA 28.1403 *et seq.*, and clearly refers and applies only to prisoners in state prison facilities. Moreover, defendant's analogy argument underscores the Legislature's clear intent to address county prisoners and state prisoners separately.

Finally, defendant argues that applying MCL 801.257; MSA 28.1747(7) only to county prisoners violates his right to equal protection under the federal and state constitutions. Because state prisoners do not constitute a suspect class for purposes of equal protection analysis, and defendant has not shown that the classification impinges on the exercise of a fundamental right, the test under both US Const, Am XIV, and Const 1963, art 1, §§ 1-2, is whether the classification is rationally related to a legitimate governmental purpose. *Doe v Dep't of Social Services,* 439 Mich 650, 662, 670-671; 487 NW2d 166 (1992).

The choice to treat county prisoners differently from state prisoners is rationally based on the differences between the two groups. Prisoners incarcerated in county jails have committed relatively minor infractions, and have been sentenced to serve no longer than one year. MCL 801.257; MSA 28.1747(7) permits a court to decide, upon the necessary showing of meritorious conduct, dili-

gence, and attitude, that such a prisoner may return to the full-time pursuit of a normal life somewhat sooner than the complete sentence term would have permitted. Presumably, the court will be in a position to make that evaluation because the number of prisoners in the jail is limited, and because the evaluations of jail personnel overseeing the prisoner are readily accessible to the court. Moreover, because of the original one-year sentence limitation, the prisoner's sentence will be reduced by no more than three months.

By contrast, those who have been sentenced to multiyear terms in prison are those whom society deems should be confined for longer than one year, based on the type and severity of their conduct. For those inmates, the Legislature has devised a different scheme of incremental rewards for good behavior, which is administered by the Department of Corrections, the entity that has access to pertinent information regarding a prisoner's behavior and adjustment in prison. Given the number of state prisoners, the seriousness of the offenses for which they are imprisoned, the possible distances between sentencing courts and state prison facilities, and the length of prison sentences, it is not irrational for the Legislature to implement the good-time and disciplinary credit system for state prisoners in lieu of a system that allows the court to approve a one-quarter reduction in sentences.

Because the distinction between county and state prisoners is rationally based, defendant was not denied equal protection under the federal constitution or the state constitution.

Affirmed.