PEOPLE v.MARTINEZ

Docket No. 162708. Submitted February 9, 1995, at Detroit. Decided
    May 23, 1995, at 9:15 A.M.

    Jeffrey P. Martinez was charged in the Detroit Recorder's Court,
    M. John Shamo, J., with leaving the scene of an accident, a
    violation of the Michigan Vehicle Code, MCL 257.617; MSA
    9.2317, and was granted youthful trainee status pursuant to
    the Holmes Youthful Trainee Act, MCL, 762.11 *et seq.*; MSA
    28.853(11) *et seq.* The prosecution subsequently moved for
    revocation of the youthful trainee status, arguing that such
    status cannot be granted for violations of the Vehicle Code
    under the express terms of MCL 762.11; MSA 28.853(11), as
    amended by 1988 PA 4. The court denied the motion, ruling
    that the exclusion of youthful violators of the Vehicle Code
    from youthful trainee status violates equal protection. The
    prosecution appealed by leave granted.

    The Court of Appeals *held:*

    The exclusion of violations of the Vehicle Code from those
    crimes for which youthful trainee status can be granted does
    not violate equal protection because it is rationally related to
    the longstanding policy in this state of holding all drivers, even
    minors, to an adult standard of care.

    Reversed.

    MARILYN KELLY, J., dissenting, stated that the exclusion of
    violations of the Vehicle Code from the purview of the Holmes
    Youthful Trainee Act is not rationally related to the objective
    behind the 1988 amendment of excluding youthful drunken
    drivers from the protection of the act or to any reasonable
    governmental purpose.

AUTOMOBILES — VEHICLE CODE — HOLMES YOUTHFUL TRAINEE ACT —
    CONSTITUTIONAL LAW — EQUAL PROTECTION.
    The exclusion of violations of the Vehicle Code from those crimes

REFERENCES

Am Jur 2d, Juvenile Courts and Delinquent and Dependent Chil-
    dren § 75.
See ALR Index under Constitutional Law; Juvenile Courts and
    Dependent Children.

for which youthful trainee status can be granted is rationally related to the longstanding policy in this state of holding all drivers, even minors, to an adult standard of care and does not violate equal protection (MCL 762.11; MSA 28.853[11]; MCL 257.1 *et seq.*; MSA 9.1801 *et seq.*).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of Research, Training, and Appeals, and *Rita H. Lewis,* Assistant Prosecuting Attorney, for the people.

*Mark J. Kriger,* for the defendant on appeal.

Before: HOOD, P.J., and MARILYN KELLY and SAAD, JJ.

HOOD, P.J. Defendant was charged with leaving the scene of an accident, MCL 257.617; MSA 9.2317, a felony punishable by up to five years' imprisonment. A plea of not guilty was entered and defendant was granted youthful trainee status pursuant to the Holmes Youthful Trainee Act (HYTA), MCL 762.11 *et seq.*; MSA 28.853(11) *et seq.* The prosecution's motion to revoke defendant's youthful trainee status on the basis that the charged offense was excluded from the HYTA was denied. The trial court concluded that the exclusion of traffic offenses from those crimes for which youthful trainee status can be granted is unconstitutional. Leave to appeal was granted. We reverse.

Without objection by the prosecution, the trial court granted defendant's motion for youthful trainee status. Defendant was placed on probation for two years and was ordered to pay fines and restitution. The prosecution's motion to revoke defendant's youthful trainee status was made approximately six months after defendant was sen-

tenced. In denying the motion, the trial court declared the youthful trainee statute discriminatory.

Defendant challenges the prosecution's appeal on the basis that it failed to object to the petition for youthful trainee status until after sentencing. The authority to sentence an offender under the HYTA is jurisdictional. *People v Dolgorukov,* 191 Mich App 38, 39; 477 NW2d 118 (1991); *People v Mahler,* 156 Mich App 799, 801; 402 NW2d 93 (1986). Jurisdictional defects may be raised at any time. *People v Boynton,* 185 Mich App 669, 670; 463 NW2d 174 (1990).

The prosecution challenges the trial court's conclusion that the HYTA is unconstitutional. At the time of defendant's sentencing, the act provided:

> When a youth is alleged to have committed a criminal offense, other than a felony for which the maximum punishment is life imprisonment, a major controlled substance offense, or a traffic offense between the youth's seventeenth and twentieth birthdays, the court of record having jurisdiction of the criminal offense may, with the consent of both the affected youth and the youth's legal guardian or guardian ad litem, consider and assign that youth to the status of youthful trainee. *As used in this section, "traffic offense" means a violation of the Michigan vehicle code, Act No. 300 of the Public Acts of 1949, being sections 257.1 to 257.923 of the Michigan Compiled Laws,* or a local ordinance substantially corresponding to that act, which violation involves the operation of a vehicle and at the time of the violation is a felony or misdemeanor. [MCL 762.11; MSA 28.853(11). Emphasis added. See 1988 PA 4.]

Defendant's charged offense, leaving the scene of an accident, MCL 257.617; MSA 9.2317, is expressly excluded from the HYTA.

The trial court's conclusion that the HYTA is discriminatory implicates the Equal Protection Clause. Both the federal and the state constitutions guarantee equal protection. US Const, Am XIV; Const 1963, art 1, § 2; *People v Groff,* 204 Mich App 727, 731; 516 NW2d 532 (1994). Both constitutions afford similar protection. *Doe v Dep't of Social Services,* 439 Mich 650, 670-671; 487 NW2d 166 (1992). Unless the discrimination involves a suspect class or impinges on the exercise of a fundamental right, the applicable equal protection test is whether the classification is rationally related to a legitimate governmental purpose. *Id.* at 662. Because the HYTA does not involve a suspect class or impinge upon a fundamental right, the rational basis test should be applied to determine whether it violates equal protection. See *People v Perkins,* 107 Mich App 440, 443-445; 309 NW2d 634 (1981) (rational basis test applied to the age classification in the HYTA).

Under the rational basis test there is a presumption of constitutionality. *Id.* As long as the legislation is supported by "any state of facts either known or which could reasonably be assumed," it must be upheld. *Bissell v Kommareddi,* 202 Mich App 578, 580; 509 NW2d 542 (1993). The party challenging the legislation has the burden of demonstrating that the classification is arbitrary and does not have a rational relation to the object of the legislation. *Id.* at 580.

In support of the trial court's conclusion that the HYTA is unconstitutional, defendant asserts that the legislative intent of specifically excluding criminal traffic offenses was to prevent circumvention of the provision in the drunken driving laws for felony charges upon a third offense. However, the clear language of the statute indicates that the reach of the traffic offense exclusion goes beyond

drunken driving offenses. In a preliminary analysis of HB 4596, which became 1988 PA 4, it was noted that the bill would bar assignment to trainee status when a seventeen- to twenty-year-old was charged with something other than drunken driving. House Legislative Analysis, HB 4596, December 17, 1987. It is clear that by passing the bill as written, it was intended that the reach of the exclusion would extend beyond drunken driving offenses.

This state has a longstanding policy of holding all drivers, even minors, to an adult standard of care. *Constantino v Wolverine Ins Co,* 407 Mich 896 (1979); *Osner v Boughner,* 180 Mich App 248, 254-257; 446 NW2d 873 (1989). The exclusion from youthful trainee status of those charged with traffic offenses is rationally related to this legitimate purpose.

The HYTA should not be struck down because it permits youthful trainee status for serious offenses under the Criminal Code, but denies such status for charges of less serious traffic offenses under the Vehicle Code. A statute need not be struck down merely because the classification was not mathematically precise or results in practice in some inequality. *Weeks v Bd of Trustees, Detroit Gen Retirement System,* 160 Mich App 81, 86; 408 NW2d 109 (1987). Because the statute is otherwise rationally related to the goal of holding minors to an adult standard of care when driving an automobile, an adult activity, it should not be found to violate equal protection.

Reversed.

SAAD, J., concurred.

MARILYN KELLY, J. *(dissenting).* I respectfully dissent. The exclusion of all violations of the Mich-

igan Vehicle Code from the Holmes Youthful Trainee Act (HYTA) violates the equal protection clause. US Const, Am XIV; Const 1963, art 1, § 2; MCL 762.11 *et seq.*; MSA 28.853 (11) *et seq.*

When the Legislature amended the HYTA, it did not articulate its purpose. The majority opinion uses a state senate staff analysis to conclude that the underlying goal of the amendment was the exclusion of all driving offenses from application of the HYTA. House Legislative Analysis, HB 4596, December 17, 1987. Yet, although the analysis relied upon mentions that the amendment comprises more than drunk driving offenses, its thrust is undeniably drunk driving.

Under the section entitled "Rationale," we find:

> [Y]ouths charged with alcohol-related driving offenses . . . [are being assigned] to the [HYTA] status, thereby circumventing the drunk-driving laws' provision for felony charges upon the third offense.

The section called "Supporting Arguments" states:

> The bill would preclude the use—whether intentional or inadvertent—of the Holmes Youthful Trainee Act as a way of avoiding the progressive sanctions of the State's drunk driving laws, which include license suspension upon a drunk driving conviction and felony charges upon the third offense.

I cannot but conclude that the bill's purpose was so dominantly aimed at drunk driving felonies that inclusion of other traffic offenses, although presumably knowingly done, was at best tangential. Moreover, it was irrational and arbitrary.

The majority also presumes that the public pol-

icy of holding minors driving vehicles to an adult standard of care must have been one object of the Legislature in enacting 1988 PA 4. This public policy has never been described in detail, having been announced by our Supreme Court in a peremptory reversal. *Constantino v Wolverine Ins Co,* 407 Mich 896; 284 NW2d 463 (1979). Its only usage appears to have been in determining the standard of care applicable to a minor involved as a driver in a traffic accident; it has had no application in sentencing questions. See *Osner v Boughner,* 180 Mich App 248, 254-257; 446 NW2d 873 (1989); *Cornack v Sweeney,* 127 Mich App 375, 378; 339 NW2d 26 (1983).

Assuming the Legislature intended to expand the policy into sentencing, the overly broad amendment is not rationally related to the reasonable governmental purpose of holding youthful motorists to an adult standard. *See,* e.g., *Plyler v Doe,* 457 US 202, 216; 102 S Ct 2382; 72 L Ed 2d 786 (1982); *Pioneer State Mutual Ins Co v Allstate Ins Co,* 417 Mich 590, 600; 339 NW2d 470 (1983).

Defendant makes clear through examples the extent to which the classification is irrational and arbitrary: Martinez might have waited at the scene until police arrived and then fled leading them on a high speed chase. He would have been eligible for youthful trainee status simply because the failure to obey an officer and/or fleeing and eluding is an offense contained in the Michigan Penal Code. MCL 750.1 *et seq.*; MSA 28.191 *et seq.*[1]

A violator charged with reckless driving[2] would be automatically ineligible for youthful trainee status. However, if a person is killed as a result of such driving and the youthful offender is charged

[1] MCL 750.479a; MSA 28.747(1)

[2] MCL 257.626; MSA 9.2326

with felonious driving,[3] negligent homicide[4] or manslaughter,[5] HYTA status is available.

If an offender forges a motor vehicle certificate of title,[6] the offender may not be a youthful trainee; but the forgery of almost any other type of document[7] would not disqualify the person from youthful trainee status.

A person whose vehicle contains a firearm[8] may become a youthful trainee, while someone whose vehicle is equipped with a siren, bell or whistle[9] may not.

Finally, HYTA status may be granted to someone discharging a firearm from a motor vehicle;[10] it cannot be used for the youthful offender who merely discharges cargo he or she is transporting in a motor vehicle.[11] I cannot reasonably conceive of any set of facts that provides a rational basis for the broad exclusion of all traffic offenses from the HYTA.

In conclusion, the 1988 amendment excluding all traffic offenses from the purview of the HYTA is not rationally related to the object of excluding youthful drunk drivers from HYTA protection. Alternatively, exclusion from the HYTA of all traffic offenses is not rationally related to a reasonable governmental purpose. Accordingly, this Court should find the exemption unconstitutional.

[3] MCL 752.191; MSA 28.661
[4] MCL 750.324; MSA 28.556
[5] MCL 750.321; MSA 28.553
[6] MCL 257.257; MSA 9.1957
[7] MCL 750.248; MSA 28.445
[8] MCL 750.227; MSA 28.424
[9] MCL 257.706; MSA 9.2406
[10] MCL 750.234a; MSA 28.431(1)
[11] MCL 257.720; MSA 9.2420