PEOPLE v PITTS

Docket No. 186260. Submitted December 18, 1996, at Detroit. Decided March 14, 1997, at 9:05 A.M.

David M. Pitts was convicted in the 65-1 District Court of violating MCL 257.709; MSA 9.2409 for driving with nonreflective film applied on the front side windows of his automobile. The court, Richard D. Wells, J., found that the violation constituted a moving violation for obstructed vision and assessed two points against the defendant's driver's license. The defendant appealed to the Gratiot Circuit Court and the court, Randy L. Tahvonen, J., affirmed. The defendant appealed by leave granted.

The Court of Appeals *held*:

1. The citation the defendant received reasonably notified the defendant of the pendency of the action and afforded him an opportunity to present objections. His rights to notice and an opportunity to be heard were not violated.

2. The application of the film to the windows constituted an equipment violation, a civil infraction for which no points are to be assessed against a driver's license.

3. The Secretary of State's policy of labeling a violation for tinted windows a moving violation subject to the assessment of two points is erroneous. Tinted windows in violation of § 709 are equipment violations for which no points may be assessed.

4. The right to equal protection is not violated by the application of § 709 to vehicles with windows tinted with an added film but not to vehicles with factory-installed tinted windows, vehicles with tinted windows that are registered out of state, or vehicles with a special window treatment or application determined necessary by a physician or optometrist for the protection of a light-sensitive person driven by a person with a letter from the physician or optometrist. The classification scheme is rationally related to the legitimate governmental purposes of promoting the safety of other drivers by preventing any glare off the tinted windows and promoting the safety of police officers by allowing them to see into vehicles that they have stopped. The exceptions are rationally related to the legitimate governmental purposes of protecting drivers with eye problems and promoting interstate commerce.

Affirmed in part and reversed in part.

GRIBBS, J., concurred in the result only.

1. AUTOMOBILES — VEHICLE CODE — EQUIPMENT VIOLATIONS — NONREFLECTIVE
    FILM — DRIVER'S LICENSE POINTS.

   A violation of the Michigan Vehicle Code for the driving of a motor
   vehicle with nonreflective film applied on the front side windows is
   an equipment violation for which a citation may be issued but no
   points may be assessed against the operator's driver's license; the
   violation is not a moving violation for which points may be
   assessed (MCL 257.320a, 257.683[1],[2], 257.709; MSA 9.2020[1],
   9.2383[1],[2], 9.2409).

2. CONSTITUTIONAL LAW — EQUAL PROTECTION — AUTOMOBILES — EQUIPMENT
    VIOLATIONS — NONREFLECTIVE FILM — EXCEPTIONS.

   The statutory scheme that prohibits the application of nonreflective
   window film to certain windows of vehicles but allows certain
   exceptions is rationally related to legitimate governmental pur-
   poses and does not deny equal protection of the law (US Const,
   Am XIV; Const 1963, art 1, § 2; MCL 257.709; MSA 9.2409).

*Frank J. Kelley*, Attorney General, *Thomas L.
Casey*, Solicitor General, *Mark A. Gates*, Prosecuting
Attorney, and *Kristin M. Kalcher*, Assistant Prosecut-
ing Attorney, for the people.

*Greer Ann Baker*, for the defendant.

Before: TAYLOR, P.J., and GRIBBS and R. D. GOTHAM*,
JJ.

TAYLOR, P.J. Defendant appeals by leave granted a
circuit court order denying his motion for reversal of
the judgment of the district court, holding him
responsible for a violation of MCL 257.709; MSA
9.2409 for having tinted film on the front side win-
dows of his car. We affirm in part and reverse in part.

On or about September 13, 1994, while driving in
Alma, Michigan, defendant was stopped by the Michi-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

gan State Police and issued a citation for having tinted film on the front side windows of his car in violation of MCL 257.709(1)(a); MSA 9.2409(1)(a). Defendant's car had a factory-installed tinted windshield; however, an after-market tinted film had been applied to both front side windows.

Defendant requested a formal hearing. During the hearing, the district court stated that the charge was "having tinted front windows." The court examined defendant's car and determined that the side window tinting appeared no darker than the windshield and indicated it had no problem seeing into defendant's vehicle through the tinted side windows from a block away. The court, however, subsequently held that it was not prepared to overrule a directive of the Secretary of State that such window tinting constituted "obstructed vision," a moving violation for which two points are to be assessed against the violator's driver's license, even though it had trouble comprehending how nonreflective window tint could obstruct a driver's vision such that it constituted a moving violation rather than an equipment violation. Accordingly, the district court found that defendant had violated MCL 257.709; MSA 9.2409 for having nonreflective film on his front side windows, found that such a violation constituted a moving violation for obstructed vision, and assessed two points against defendant's driver's license.

Defendant appealed to the Gratiot Circuit Court, which affirmed the judgment of the district court.

I

Defendant first argues that he was improperly found responsible for the uncharged offense of

obstructed vision, a moving violation subject to an assessment of two points against his driver's license, based on a citation for an equipment violation for having tinted front windows. We disagree.

Because defendant is presenting a constitutional issue that could be decisive to the outcome of his case, appellate review of this issue is appropriate. *People v Jones (On Rehearing)*, 201 Mich App 449, 452; 506 NW2d 542 (1993). Constitutional questions are reviewed de novo by this Court. *People v White*, 212 Mich App 298, 304; 536 NW2d 876 (1995).

According to the United States and Michigan Constitutions, no person may be deprived of life, liberty, or property without due process of law. US Const, Am V; Const 1963, art 1, § 17; *People v Farrow*, 183 Mich App 436, 441; 455 NW2d 325 (1990). What process is due in a particular proceeding depends upon the nature of the proceeding, the risks and costs involved, and the private and governmental interests that might be affected. *In re Brock*, 442 Mich 101, 111; 499 NW2d 752 (1993). Generally, due process in civil cases[1] requires notice of the nature of the proceedings and an opportunity to be heard. *Vicencio v Jaime Ramirez, MD, PC*, 211 Mich App 501, 504; 536 NW2d 280 (1995); *Cummings v Wayne Co*, 210 Mich App 249, 253; 533 NW2d 13 (1995). The notice must be reasonably calculated to apprise any interested parties of the pendency of the action and must afford them an opportunity to present objections. *Vicencio, supra* at 504.

---

[1] In this case, defendant was charged with a civil infraction and not with a misdemeanor or felony.

MCL 257.743; MSA 9.2443 states that the citation for a civil infraction must include the name of the state or subdivision that is acting as the plaintiff, the name and address of the defendant, the civil infraction alleged, the place where the party is to appear, the phone number of the court, and the time to appear. Further, under MCL 257.727c(1)(a); MSA 9.2427(3)(1)(a), the citation itself serves as the formal complaint.[2]

Here, the requirements of the statute were met. The citation defendant received included the date, time, location, and nature of the offense ("tinted front windows"), labeled the offense a civil infraction, and gave defendant ten days to respond to the court. The notice to appear further apprised defendant of the pendency of the action, listed the offense as "vision obstruction - tint," and informed defendant of the date of the hearing. Semantics aside, defendant was apprised of the fact that he was being charged with a violation of MCL 257.709; MSA 9.2409 and given a date to appear. Thus, the citation reasonably notified defendant of the pendency of the action and afforded him an opportunity to present objections. *Vicencio, supra* at 504. Therefore, his rights to notice and an opportunity to be heard were not violated. *Cummings, supra* at 253.

---

[2] See also *People v Ferency*, 133 Mich App 526, 532; 351 NW2d 225 (1984) (a citation for a civil infraction that included the date, time, location, and nature of the offense, identified the offense as a civil infraction, and instructed the recipient to respond within ten days was sufficient notice).

II

Next, defendant contends that having tinted film applied to his car windows constitutes defective equipment, a civil infraction for which no points are to be assessed against the operator's driver's license, and that he should not have been·found responsible for a moving violation for having tinted film on his car windows. We agree.

The issue is whether a violation of § 709 constitutes a moving violation for which two points may be assessed against the operator's driver's license or whether a violation of § 709 is merely an equipment violation for which no points can be assessed. Thus, we must review the language contained in the Michigan Vehicle Code, specifically MCL 257.683; MSA 9.2383 and MCL 257.709; MSA 9.2409, and determine whether having "tinted windows" was meant to be a moving violation.

Statutory interpretation is a question of law that is reviewed de novo. *Smeets v Genesee Co Clerk*, 193 Mich App 628, 633; 484 NW2d 770 (1992). The primary goal of judicial interpretation of statutes is to ascertain and give effect to the intent of the Legislature. *Farrington v Total Petroleum, Inc*, 442 Mich 201, 212; 501 NW2d 76 (1993). The first criterion in determining intent is the specific language of the statute. *House Speaker v State Administrative Bd*, 441 Mich 547, 567; 495 NW2d 539 (1993). The Legislature is presumed to have intended the meaning it plainly expressed. *Institute in Basic Life Principles, Inc v Watersmeet Twp (After Remand)*, 217 Mich App 7, 12; 551 NW2d 199 (1996). Thus, statutory language should be construed reasonably, keeping in mind the purpose of the act. *Barr v Mt Brighton Inc*, 215 Mich

App 512, 516; 546 NW2d 273 (1996). If the plain and ordinary meaning of the language is clear, judicial construction is normally neither necessary nor permitted. *Heinz v Chicago Rd Investment Co*, 216 Mich App 289, 295; 549 NW2d 47 (1996). If reasonable minds can differ with respect to the meaning of a statute, however, judicial construction is appropriate. *Id.* The court must look to the object of the statute, the harm it is designed to remedy, and apply a reasonable construction that best accomplishes the purpose of the statute. *Marquis v Hartford Accident & Indemnity (After Remand)*, 444 Mich 638, 644; 513 NW2d 799 (1994). Statutory provisions must also be read in the context of the entire statute so as to produce an harmonious whole. *Weems v Chrysler Corp*, 448 Mich 679, 699-700; 533 NW2d 287 (1995).

Section 683 of the Michigan Vehicle Code states:

(1) A person shall not drive or move or the owner shall not cause or knowingly permit to be driven or moved on a highway a vehicle or combination of vehicles which is in such an unsafe condition as to endanger a person, or which does not contain those parts or is not at all times equipped with lamps or other equipment in proper condition and adjustment as required in sections 683 to 714a, or *which is equipped in a manner in violation of sections 683 to 714a. A person shall not do an act forbidden* or fail to perform an act required *under sections 683 to 714a.*

(2) A police officer on reasonable grounds shown may stop a motor vehicle and inspect the motor vehicle, and if a *defect in equipment is found,* the officer may issue the driver a citation *for a violation of a provision of sections 683 to 714a.*

\*       \*       \*

(4) The *provisions of sections 683 to 714a with respect to equipment* on vehicles shall not apply to implements of

husbandry, road machinery, road rollers, or farm tractors, except as specifically provided in sections 683 to 714a.

(5) Except as otherwise provided in section 698 or 707d, a person who violates a *provision of sections 683 to 714a with respect to equipment* on vehicles is responsible for a civil infraction. [MCL 257.683; MSA 9.2383 (emphasis added).]

Section 709 of the code states, in pertinent part:

(1) *A person shall not drive a motor vehicle with* any of the following:

(a) A sign, poster, nontransparent material, window application, reflective film, or *nonreflective film upon* or in the front windshield, *the side windows immediately adjacent to the driver or front passenger*, or the sidewings adjacent to and forward of the driver or front passenger, except that a tinted film may be used along the top edge of the windshield and the side windows or sidewings immediately adjacent to the driver or front passenger if the material does not extend more than 4 inches from the top of the windshield, or lower than the shade band, whichever is closer to the top of the windshield. [MCL 257.709; MSA 9.2409 (emphasis added).]

Thus, § 683 authorizes a police officer to stop and inspect a vehicle and, if a defect in any *equipment* is found in violation of §§ 683 to 714a, to issue the driver a citation for a civil infraction. MCL 257.683(1), (2); MSA 9.2383(1), (2). Section 320a states that no points shall be assessed for an equipment violation but that two points shall be assessed for any moving violation not specifically enumerated. MCL 257.320a; MSA 9.2020(1).

From March 1981 until the fall of 1993, window-tint violations were considered defective-equipment violations, carried no points, and were reported under offense code 64 of the Secretary of State's Offense

Code List. In August 1993, the Secretary of State unilaterally advised courts to no longer report window-tint violations under offense code 64 (equipment) but to report it under offense code 66 (obstructed vision). Obstructed-vision violations constituted moving violations and were subject to the assessment of two points against the operator's driver's license. The Secretary of State's decision to include tinted windows as a moving violation was based on an unpublished opinion of the Attorney General, dated September 30, 1983. The Attorney General had been asked by the Secretary of State to render a recommendation with regard to what points were to be assessed for certain civil infractions. The opinion stated that the Legislature manifested an intent to assess points only for moving violations and never intended that points be assessed for defective equipment. It then delineated numerous moving violations for which points could be assessed and stated that any other "moving violations" could be assessed points. It acknowledged that any violation of §§ 683 to 714a, which are equipment violations, cannot be assessed points, and it defined defective equipment as that which is "[w]anting in something essential; incomplete; deficient; faulty."[3] Specifically, the opinion states:

> Therefore, under this definition of "defective," violations for defective equipment would include not only equipment that does not function properly, but would also include insufficient equipment or the lack of equipment.
>
> Consequently, in order for a violation to be considered to be for "defective equipment" pursuant to 1949 PA 300,

---

[3] The Attorney General relied on the definition of "defective" from the *Webster's New International Dictionary, Second Edition*, quoted in *Williamson v Williamson*, 331 SW2d 140, 143 (Mo App, 1960).

§ 320a(4), *supra,* the violation must relate to the specific types of equipment identified in 1949 PA 300, §§ 683 to 714a, *supra,* and the equipment must fall within the *Williamson [v Williamson,* 331 SW2d 140, 143 (Mo App, 1960)] definition of "defective" because it does not function properly, is incomplete or deficient.

The opinion further states:

1949 PA 300, *supra,* § 709, which you cite next, requires motor vehicle operators to drive with an unobstructed view. If a motor vehicle operator's view is obstructed due to defective equipment, such as malfunctioning windshield wipers, washers, or defrosters, such offenses constitute equipment violations for which no points may be entered. However, where the view of a motor vehicle operator is obstructed due to an object within the vehicle that does not fall within the definition of "defective equipment," such as signs, posters or hanging objects, points may be entered for such violations.

*         *         *

It is my further opinion that points may also be entered for the moving violation of operating a motor vehicle with an obstruction of the view . . . of the driver, when the obstruction is caused by signs or objects in the vehicle . . . .

On the basis of this analysis, the Secretary of State's August 1993 bulletin and subsequent offense code changes concluded that tinted windows constitute a vision obstruction similar to posters or hanging objects because the film is *added* to the windows. Accordingly, the Secretary of State made tinted windows a moving violation subject to the assessment of points against the operator's driver's license.[4]

---

[4] Attorney General opinions are not binding on this Court. *Frey v Dep't of Management & Budget,* 429 Mich 315, 338; 414 NW2d 873 (1987). Further, the "opinion" relied on by the Secretary of State was never pub-

The Secretary of State's policy of labeling a violation for tinted windows a moving violation subject to the assessment of two points is erroneous. Tinted windows are equipment violations for which no points may be assessed. Section 683 of the Michigan Vehicle Code states that a vehicle may not be operated while *equipped* in a manner in violation of §§ 683 to 714a and that if a *defect in equipment* is found an officer may issue a citation for a violation of §§ 683 to 714a. MCL 257.683(1), (2); MSA 9.2383(1), (2). Section 709 states that the windshield and front side windows of a vehicle may not be covered with a nonreflective film. MCL 257.709; MSA 9.2409. Thus, driving a vehicle with a nonreflective film on its windows is the operation of a vehicle that is *equipped* in a manner in violation of § 709 and, thus, a citation under § 683 may be issued. Under § 320a, no points are to be entered for equipment violations. MCL 257.320a; MSA 9.2020(1). When § 709 is read in this context, it is clear that it was designed to specify an equipment requirement and not establish a moving violation. *Weems, supra* at 699-700.

The prosecutor further argues that a violation of § 709 is by definition a moving violation because the language contained within the section states that "[a] person shall not *drive* a motor vehicle with any of the following . . . ." We disagree. The use of the word *drive* does not convert a violation of § 709 into a moving violation in the face of the legislative scheme of which § 709 is a part.

---

lished. Also, it is important to note that nowhere in the "opinion" is window tinting referenced.

Under the applicable statutory sections (683 to 714a), there is language stating that the vehicle shall not be *driven* or *operated* with any of the enumerated defects. MCL 257.700; MSA 9.2400 (multiple-beam headlights), MCL 257.705; MSA 9.2405 (defective brakes), MCL 257.706; MSA 9.2406 (defective horn), MCL 257.707b; MSA 9.2407(2) (defective exhaust system). That being the case, under the prosecutor's rationale, operating a car with a defective horn or brakes should be a moving violation subject to the assessment of two points rather than an equipment violation, because the applicable section states that the vehicle shall not be *operated* in such a manner. This reading would emasculate the statutory handling of equipment and moving violations. We have no authority to disregard the Legislature's determination in this regard.

Therefore, holding defendant responsible for a moving violation and assessing him two points for having nonreflective window tint upon his windows was improper. The application of a tinted film to a vehicle is, according to the applicable statutory sections, MCL 257.320a; MSA 9.2020(1), MCL 257.683; MSA 9.2383, and MCL 257.709; MSA 9.2409, an equipment violation for which no points should be assessed.

III

Finally, defendant argues that § 709 violates his right to equal protection because it applies to vehicles with windows tinted with an added film but not to vehicles with factory-installed tinted windows, vehicles with tinted windows that are registered out of state, or vehicles with a special window treatment or

application determined necessary by a physician or optometrist for the protection of a light-sensitive person driven by those with a letter from the physician or optometrist. As a result, only those vehicles that have a window film applied, are registered in Michigan, and are driven by someone without a doctor's note violate the statute.

Normally, this Court will not review an issue that is raised for the first time on appeal. However, when a defendant presents an issue involving a significant constitutional question that may be decisive to the outcome of his case, appellate review is appropriate. *Jones, supra* at 452. Thus, although defendant raises this issue for the first time on appeal, because he is arguing that MCL 257.709; MSA 9.2409 violates his constitutional right to equal protection of the law, this issue is properly before this Court. *Jones, supra* at 452. Whether a statute violates equal protection is a question of law subject to review de novo on appeal. *Yaldo v North Pointe Ins Co*, 217 Mich App 617, 623; 552 NW2d 657 (1996).

The United States and the Michigan Constitutions guarantee equal protection of the law. US Const, Am XIV; Const 1963, art 1, § 2; *People v Martinez,* 211 Mich App 147, 150; 535 NW2d 236 (1995). Both constitutions provide similar protections. *Id.* Generally, equal protection requires that persons in similar circumstances be treated similarly. *Thompson v Merritt*, 192 Mich App 412, 424; 481 NW2d 735 (1991).

When a legislative classification is challenged as being violative of equal protection, the validity of the classification is measured by one of three tests. *Dep't of Civil Rights ex rel Forton v Waterford Twp*, 425 Mich 173, 190; 387 NW2d 821 (1986). Which test is

appropriate depends on the type of classification and the nature of the interest affected. *Id.*; *Manistee Bank & Trust Co v McGowan*, 394 Mich 655, 668; 232 NW2d 636 (1975). When the legislation at issue creates an inherently suspect classification, such as race, alienage, ethnicity, and national origin or affects a fundamental interest, the "strict scrutiny" test applies. *People v Perlos*, 436 Mich 305, 331; 462 NW2d 310 (1990). Other classifications that are suspect, but not inherently suspect, such as gender and mental capacity, have been held subject to the middle-level "substantial relationship" test. *Doe v Dep't of Social Services*, 439 Mich 650, 662-663, n 19; 487 NW2d 166 (1992); *Forton, supra* at 191, n 8. Social or economic legislation, such as the civil infraction being challenged here by defendant, is reviewed under the "rational basis" test. *Perlos, supra* at 331.

Under the rational basis test, the legislation is presumed to be constitutional and the party challenging the statute has the burden of proving that the legislation is arbitrary and thus irrational. *People v Sleet*, 193 Mich App 604, 607; 484 NW2d 757 (1992). Under this test, a statute will be upheld if the classification scheme it has created is rationally related to a legitimate governmental purpose. *Doe, supra* at 662. A rational basis exists when it is supported by " 'any state of facts either known or which could reasonably be assumed.' " *Martinez, supra* at 150 (citation omitted). A classification that has a rational basis is not invalid because it results in some inequity. *Weeks v Bd of Trustees, City of Detroit General Retirement System*, 160 Mich App 81, 86; 408 NW2d 109 (1987). Further, this test does not measure the wisdom, need, or appropriateness of the legislation. *Sleet, supra* at 607.

The burden of proof is on the person attacking the legislation to show that the classification is arbitrary and irrational. *Martinez, supra* at 150.

The statute prohibiting the application of nonreflective window film to the windows of vehicles was designed to (1) promote the safety of other drivers by preventing any glare off the tinted windows and (2) promote the safety of police officers by allowing them to see into vehicles that have been stopped. Senate Legislative Analysis, HB 4430, June 19, 1980; House Legislative Analysis, HB 4430, July 11, 1979. As such, the classification scheme created by § 709 is rationally related to a legitimate governmental purpose—that of the safety of other drivers and the police. Allowing factory-installed tinted windows (which are regulated by national standards) while forbidding a tinted film to be applied (which might be darker than is allowed by national standards) is not a violation of defendant's equal protection rights. Nor is allowing tinted windows on cars driven by people with doctors' notes or on out-of-state cars a violation of defendant's equal protection rights. Each of these exceptions is rationally related to legitimate governmental purposes—protecting drivers with eye problems and promoting interstate commerce[5]—and, thus, does not violate defendant's equal protection rights. *Doe, supra* at 662. Therefore, not allowing tinted window film to be applied is rationally related to a legitimate governmental purpose and defendant's

---

[5] See *Bibb v Navajo Freight Lines, Inc*, 359 US 520; 79 S Ct 962; 3 L Ed 2d 1003 (1959) (state highway safety measures requiring truck and trailer wheels to be equipped with contour mudguards unduly burdened interstate commerce).

right to equal protection of the law is not violated by
§ 709 of the Michigan Vehicle Code. *Id.*

Affirmed in part and reversed in part.

R. D. GOTHAM, J., concurred.

GRIBBS, J., I concur in the result only.