*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
February 11, 2020

Plaintiff-Appellee,

v

No. 345548
Oakland Circuit Court
LC No. 2018-266217-FH

ROLANDO REYNOLDS REDMAN,

Defendant-Appellant.

Before: MURRAY, C.J., and SWARTZLE and CAMERON, JJ.

PER CURIAM.

Defendant, Rolando Reynolds Redman, appeals his jury trial conviction of carrying a concealed weapon, MCL 750.227(2).[1] Redman argues on appeal that his conviction violates his right to keep and bear arms and his right to equal protection of the law as guaranteed by both the United States and Michigan Constitutions. We affirm.

## I. FACTS

On August 11, 2017, Redman purchased a firearm, a gun case, and several rounds of ammunition. Later, Redman and his cousin purchased a case of beer and traveled to a different location to try Redman's new firearm. At some point during their excursion, Redman's cousin placed an unopened beer in the bag that also held Redman's firearm. Later that evening, Redman dropped the bag, causing the beer to open and the contents of the bag—which included Redman's firearm, gun case, and ammunition—to become soaked with beer.

In an effort to protect his new gun, Redman rode his bicycle to a nearby Subway restaurant. Two employees were working at the restaurant when Redman arrived. Redman explained his situation, and the employees provided him with paper towels so he could dry off his firearm and its accoutrements. After receiving the paper towels, Redman sat at one of the restaurant's tables

---

[1] Redman was also convicted of possessing a firearm while under the influence, MCL 750.237. However, Redman only challenges his carrying a concealed weapon conviction on appeal.

-1-

and went about his task. A short time later, a customer entered the restaurant and noticed Redman and the firearm. The customer telephoned 911, stating that he had seen Redman with a firearm at the restaurant.

Two police officers were dispatched to the Subway restaurant. After arriving at the restaurant, the police officers saw Redman standing at the restaurant's cash register, holding an opaque, white plastic bag. The officers could not see what was inside of the bag. As the officers spoke with one of the Subway employees, Redman moved past the officers and placed the plastic bag on a table at the opposite end of the counter. When asked if he possessed a firearm, Redman freely admitted that he was carrying a firearm and pointed the officers to the white plastic bag. The officers examined the contents of the plastic bag and discovered a nylon gun case, a black Taurus 3-89 pistol without a magazine, and several rounds of ammunition. The firearm was unloaded and had been secured with a cable lock. All of the items were wet and smelled of beer. After examining the plastic bag's contents, Redman and the police officers exited the restaurant and continued their interaction in the restaurant's parking lot. Because Redman was exhibiting signs of intoxication, a preliminary breath test was conducted on Redman. The test indicated Redman had a blood alcohol content of .256.

Redman was charged with carrying a concealed weapon and possessing a firearm while intoxicated. After a jury trial, Redman was convicted as charged and sentenced to 180 days in jail for his carrying a concealed weapon conviction and 90 days in jail for his possessing a firearm while intoxicated conviction. This appeal followed.

## II. ANALYSIS

## A. PRESERVATION

"Constitutional challenges must be raised in the trial court; otherwise, those challenges are not properly preserved for appellate review." *People v Green*, 322 Mich App 676, 681; 913 NW2d 385 (2018) (quotation marks and citation omitted). "For an issue to be preserved for appellate review, it must be raised, addressed, and decided by the lower court." *People v Metamora Water Serv, Inc*, 276 Mich App 376, 382; 741 NW2d 61 (2007). Both parties in this appeal agree, and our review of the record confirms, that Redman did not raise his constitutional challenges in the trial court. Thus, the issues are unpreserved, and we apply the plain-error rule, which requires that "1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). An error has affected a defendant's substantial rights when there is "a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings." *Id*. Moreover, "once a defendant satisfies these three requirements, . . . [r]eversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings independent of the defendant's innocence." *Id*. at 763-764 (quotation marks and citation omitted; alteration in original). A defendant bears the burden of persuasion with respect to prejudice. *Id*. at 763.

B. SECOND AMENDMENT

Redman argues that MCL 750.227 and the exceptions outlined in MCL 750.231a are unconstitutional as applied to the particular facts of this case because they infringe upon his Second Amendment right, as well as his right under Const 1963, art 1 § 6, to keep and bear arms. Redman argues that, in order for the Second Amendment to have meaning, MCL 750.231a "must include the ability to lawfully purchase and transport a firearm home regardless of whether an individual owns or has access to a motor vehicle as it is described in MCL 750.231a."[2]

Both the United States and Michigan Constitutions guarantee an individual's right to keep and bear arms for self-defense. US Const, Am II; Const 1963, art I, § 6; *People v Deroche*, 299 Mich App 301, 309; 829 NW2d 891 (2013). The Second Amendment "elevates above all other interests the right of law-abiding, responsible citizens to use arms in defense of hearth and home." *Dist of Columbia v Heller*, 554 US 570, 635; 128 S Ct 2783; 171 L Ed 2d 637 (2008); see also *Deroche*, 299 Mich App at 305-306 (holding that the Second Amendment guarantees the right to possess a firearm in case of confrontation). However, limits can be placed on the right to keep and bear arms, including prohibitions on carrying concealed weapons. See *Heller*, 554 US at 626-627.

As relevant to this appeal, an as-applied challenge asks the reviewing court to declare the disputed statute unconstitutional on the facts of the "particular case." *Crego v Coleman*, 463 Mich 248, 269; 615 NW2d 218 (2000). "[T]he threshold inquiry is whether [the challenged law] regulates conduct that falls within the scope of the Second Amendment right as historically understood." *Deroche*, 299 Mich App at 309 (discussing the first prong of a two-pronged approach as adopted from the opinion of the United States Court of Appeals for the Sixth Circuit in *United States v Greeno*, 679 F3d 510, 518 (CA 6, 2012)). Relative to the threshold inquiry or first prong of the analysis, if the state demonstrates that the regulated activity falls outside of the Second Amendment's scope, the analysis can stop, because the activity is not protected by the Second Amendment. *Deroche*, 299 Mich App at 309, quoting *Greeno*, 679 F3d at 518. However, with regard to the second prong of the analysis, if a defendant's conduct falls within the scope of the

---

[2] MCL 750.231a states:

> (1) [MCL 750.227] does not apply to any of the following:
>
> * * *
>
> (d) To a person while transporting a pistol for a lawful purpose that is licensed by the owner or occupant of the motor vehicle in compliance with section 2 of 1927 PA 372, MCL 28.422, and the pistol is unloaded in a closed case designed for the storage of firearms in the trunk of the vehicle.
>
> (e) To a person while transporting a pistol for a lawful purpose that is licensed by the owner or occupant of the motor vehicle in compliance with section 2 of 1927 PA 372, MCL 28.422, and the pistol is unloaded in a closed case designed for the storage of firearms in a vehicle that does not have a trunk and is not readily accessible to the occupants of the vehicle.

Second Amendment, intermediate scrutiny is applicable. *Deroche*, 299 Mich App at 310. Under intermediate scrutiny, the government bears the burden of establishing that the challenged regulation serves an important, substantial, or significant governmental interest and that there is a reasonable fit between the asserted interest or objective and the burden placed on an individual's Second Amendment right. *Id*.; *United States v Marzzarella*, 614 F3d 85, 97-98 (CA 3, 2010).

In this case, Redman's conviction stems from him carrying a handgun in an opaque bag in a restaurant. However, at no point does Redman argue that this type of conduct is within the scope of the Second Amendment as it is historically understood. Instead, Redman alleges that he lacked access to a vehicle to transport the firearm home and argues that "the ability to purchase and transport a firearm home falls squarely within the scope of the right to bear arms . . . ." Because Redman's conviction did not stem from his alleged inability to own or secure a motor vehicle in which to transport the firearm but instead resulted from Redman's decision to carry a concealed weapon in a restaurant, Redman's argument is entirely misplaced. Consequently, we need not address Redman's Second Amendment argument.

## C. EQUAL PROTECTION

Next, Redman argues that MCL 750.227 and MCL 750.231a, as applied, render his conviction unconstitutional because he was unable to own or secure the use of a motor vehicle in which to transport his firearm home. We disagree.

Both the United States and the Michigan Constitutions guarantee equal protection of the law, and this Court has held the two provisions to be coextensive. US Const, Am XIV; Const 1963, art 1, § 1; *People v James*, 326 Mich App 98, 105; 931 NW2d 50 (2018). The level of scrutiny with which we analyze the constitutionality of a statute depends on the classification at issue. *People v Pitts*, 222 Mich App 260, 272-273; 564 NW2d 93 (1997). When, as here, the classification is one not based on an inherently suspect class, or is not affecting a fundamental right, we analyze the statute using the rational-basis test. *Id*. at 273. "[A] statute will be upheld if the classification scheme it has created is rationally related to a legitimate governmental purpose." *Id*.

As already discussed, Redman's conviction did not stem from his decision to transport his newly purchased firearm to his home by way of his bicycle. Rather, his conviction arises from his choice to enter a Subway restaurant, while intoxicated, to clean off his beer-soaked firearm and then place the firearm, ammunition, and gun case into an opaque plastic bag. Moreover, there is no evidence in the lower court record concerning why Redman does not own or have access to a motor vehicle. Even when accepting Redman's factually unsupported argument that his inability to own or secure a motor vehicle denies him access to the exceptions contained in MCL 750.231a(1)(d) and (e), there were myriad ways for Redman to have complied with the statutory requirements, the most obvious of which would be to have complied with Michigan's open carry laws. Moreover, Redman has provided no evidence that MCL 750.227 and MCL 750.231a are not rationally related to the government's legitimate interest in promulgating regulations for the health, safety, and welfare of its citizens. *Mich Coalition for Responsible Gun Owners v Ferndale*, 256

Mich App 401, 405; 662 NW2d 864 (2003), overruled in part on other grounds by by *Mich Gun Owners, Inc v Ann Arbor Pub Sch*, 502 Mich 695; 918 NW2d 756 (2018).  Thus, Redman's equal protection argument fails.

      Affirmed.


              /s/ Christopher M. Murray
              /s/ Brock A. Swartzle
              /s/ Thomas C. Cameron