*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

ANDRE ABRAHAM,

        Defendant-Appellant.

FOR PUBLICATION
January 10, 2025
9:52 AM

No. 364574
Saginaw Circuit Court
LC No. 98-015852-FC

Before: GADOLA, C.J., and K. F. KELLY and REDFORD, JJ.

GADOLA, C.J.

Defendant, Andre Abraham, appeals by leave granted the trial court's order denying his third successive motion for relief from judgment. Defendant asserts the trial court erred in denying his motion because mandatory life imprisonment without the possibility of parole violates the Equal Protection clause, as well as the Michigan Constitution's Cruel or Unusual Punishment Clause. We affirm.

## I. FACTS AND PROCEDURAL HISTORY

In 1991, when defendant was 16 years old, he was placed in foster care with the Gates family. In 1998, when defendant was 22 years old, he shot and killed his foster brother, Jermaine Gates, and shot and injured his foster father, Peter Gates. Defendant had been staying with the Gates at the time and was drinking beer with Jermaine and Peter the night of the murder. Defendant apparently demanded that Jermaine either give him a ride somewhere or let him use Jermaine's car. When Jermaine refused to do either, defendant shot him in the head. Defendant then went downstairs and shot at Peter three times while he was sitting on a chair with his granddaughter, striking him once in the shoulder and once in the ear. Defendant fled in Jermaine's vehicle and was found by police the next day.

Defendant was found guilty following a jury trial of first-degree felony murder, MCL 750.316(1)(b) (murder during commission of a robbery), assault with intent to murder, MCL 750.83, possession of a firearm in the commission of a felony (felony-firearm), MCL 750.227b, and unlawful driving away of an automobile, MCL 750.423 (as a lesser offense to carjacking). On October 28, 1998, the trial court sentenced defendant to mandatory life in prison without the

possibility of parole (LWOP) for felony murder, life imprisonment for assault with intent to murder, 36 to 60 months imprisonment for unlawful driving away of an automobile, and two years' imprisonment for felony-firearm.

Defendant appealed as of right, and this Court affirmed his convictions and sentences. *People v Abraham*, unpublished per curiam opinion of the Court of Appeals, May 12, 2000 (Docket No. 215819). Defendant then proceeded to file several postconviction motions in *propria persona*. In April 2001, defendant filed a motion for relief from judgment pursuant to MCR 6.502, which was denied by the trial court. In 2014, defendant filed a complaint for habeas corpus in the trial court, which was denied, followed by a habeas complaint in this Court, which was also denied. *Abraham v Thumb Correctional Facility Warden*, unpublished order of the Court of Appeals, entered September 15, 2014 (Docket No. 322095), lv den 497 Mich 983 (2015). Defendant then filed a second habeas petition in federal court, which was denied with prejudice. *Abraham v Bergh*, No. 2:16-CV-10268 (ED Mich, 2016). Defendant filed a second motion for relief from judgment in March 2020, which was denied by the trial court.

In September 2022, defendant filed a third motion for relief from judgment, which was also denied by the trial court. Defendant's motion asserted that the Michigan Supreme Court decision *People v Parks*, 510 Mich 225; 987 NW2d 161 (2022) constituted a retroactive change in the law that occurred after defendant filed his first motion for relief from judgment, thus allowing him to file a successive motion for relief from judgment. The *Parks* Court held that a mandatory life sentence without the possibility of parole is cruel or unusual punishment for 18-year-old defendants. *Parks*, 510 Mich at 232. Defendant contended that the same scientific evidence the *Parks* court relied on regarding brain development in 18-year-olds, applied to defendants up to age 25. Defendant argued that mandatory life without parole (LWOP) for defendants aged 25 and younger constitutes cruel or unusual punishment in violation of the Michigan Constitution.

The trial court assumed without deciding that *Parks* constituted a retroactive change in the law, thus finding defendant satisfied the criteria to bring a successive motion for relief from judgment under MCR 6.502(G)(2)(a). But the trial court concluded that defendant failed to establish that the sentencing court's failure to consider his youth rendered his sentence invalid. The trial court concluded that *Parks* specifically applied only to those defendants who were 18 years old at the time of their crimes. The trial court denied defendant's motion.

This Court granted defendant's in *propria persona* application for leave to appeal the trial court's denial of his third motion for relief from judgment, "limited to the issues raised in the application and supporting brief." *People v Abraham*, unpublished order of the Court of Appeals, entered May 17, 2023 (Docket No. 364574).

## II. EQUAL PROTECTION

Defendant first argues that sentencing defendants aged 19 to 25 years old to mandatory life imprisonment without parole is arbitrary and violates their state and federal right to equal protection of the law. We disagree.

A. STANDARD OF REVIEW

This Court reviews for an abuse of discretion the trial court's denial of a motion for relief from judgment under MCR 6.508. *People v Clark*, 274 Mich App 248, 251; 732 NW2d 605 (2007). A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes. *People v Hess*, __ Mich App __, __; __ NW3d __ (2024) (Docket No. 366148); slip op at 2. Defendant briefly asserted an equal protection argument in the trial court, but the trial court's ruling only addressed defendant's cruel and unusual punishment argument. *People v Heft*, 299 Mich App 69, 78; 829 NW2d 266 (2012) ("A defendant must raise an issue in the trial court to preserve it for our review."). However, defendant did not raise this issue in his application for leave to appeal. Because this Court's order granting leave specifically limited this appeal to the issues raised in defendant's application, we find this argument is unpreserved. *People v Abraham*, unpublished order of the Court of Appeals, entered May 17, 2023 (Docket No. 364574). Unpreserved issues alleging constitutional error are reviewed for plain error affecting a defendant's substantial rights. *Id.* If there was (1) an error, (2) the error was clear or obvious, and (3) the error prejudiced the defendant, this Court will find the error affected the defendant's substantial rights. *Id.* at 78-79.

B. ANALYSIS

Defendant has overcome the procedural bar to filing his third successive motion for relief from judgment by showing his claims are based on a retroactive change in the law, that being our Supreme Court's decision in *People v Parks*, 510 Mich 225; 987 NW2d 161 (2022). Under MCR 6.502(G)(1), "regardless of whether a defendant has previously filed a motion for relief from judgment, after August 1, 1995, one and only one motion for relief from judgment may be filed with regard to a conviction." However, a defendant may file a second or subsequent motion for relief from judgment, "based on a retroactive change in the law that occurred after the first motion for relief from judgment or a claim of new evidence that was not discovered before the first such motion." MCR 6.502(G)(2)(a). Defendant had filed two previous motions for relief from judgment, but he argues his third successive motion is based on a retroactive change in the law per MCR 6.502(G)(2). This Court has held that *Parks*' holding constituted a substantive constitutional rule that must be applied retroactively. *People v Poole*, 510 Mich 225, 232; 987 NW2d 161 (2022). Therefore, we will assume, as the trial court did, that defendant's third motion for relief from judgment was properly considered under the exception in MCR 6.502(G)(2)(a).[1]

Turning to the merits of defendant's argument, defendant contends that his sentence of mandatory LWOP violates the Equal Protection clauses of both the federal and state constitutions. Defendant argues that both the *Parks* and *Poole* courts recognized that "the mitigating characteristics of youth apply to young adults up to the age of 25," yet those defendants aged 19-

---

[1] This is a debatable proposition given that defendant was 22 years of age at the time he committed the crime of felony murder, and *Parks* applies only to defendants 18 years of age and younger. We will however assume for the sake of argument that defendant meets the exception set forth in the court rule.

25 are subject to mandatory LWOP, and cannot have the characteristics of youth considered at sentencing. At the time defendant committed these crimes, he was 22 years old, and he asserts his brain had not yet fully developed. Also, defendant experienced abuse and neglect at the hand of his mother, such that he was taken from her care and placed in different foster homes for well over a decade. Defendant joined a gang when he was 13 years old, began using drugs daily at 14 years old, and soon after dropped out of school. Defendant argues that trauma such as what defendant experienced can have a substantial impact on adolescent brain development.

The 14th Amendment of the United States Constitution and article 1, section 2 of the Michigan Constitution guarantee the equal protection of the laws. US Const, Amend XIV, § 1; Const 1963, art 1, § 2. "The scope of Michigan's Equal Protection Clause is coextensive with that of its federal counterpart, so the provisions will be considered together in analyzing defendant's claim." *People v James*, 326 Mich App 98, 105; 931 NW2d 50 (2018). "In essence, equal protection requires that persons be treated alike with respect to 'certain, largely innate, characteristics that do not justify disparate treatment.'" *Id*., quoting *Crego v Coleman*, 463 Mich 248, 258; 615 NW2d 218 (2000). In order to show an equal protection violation, defendant must show that "(1) he has been intentionally treated differently from others similarly situated, and (2) there is no rational basis for the difference in treatment." *Id*. at 106. "Under the rational basis test, the legislation is presumed to be constitutional and the party challenging the statute has the burden of proving that the legislation is arbitrary and thus irrational." *People v Pitts*, 222 Mich App 260, 273; 564 NW2d 93 (1997).

In *Miller*, the United States Supreme Court concluded that mandatory life without parole is unconstitutional for defendants under the age of 18 at the time of their crimes. *Miller v Alabama*, 567 US 460, 465; 132 S Ct 2455; 183 L Ed 2d 407 (2012). Instead, LWOP is available for juvenile offenders only if the trial court finds it is warranted after considering "youth and its attendant characteristics" as laid out in the *Miller* factors. *Montgomery v Louisiana*, 577 US 190, 210; 136 S Ct 718; 193 L Ed 2d 599 (2016); *Miller*, 567 US at 479-480. In *Montgomer*y, the Court held that *Miller* applied retroactively to mandatory LWOP offenders under the age of 18. *Montgomery*, 577 US at 200. MCL 750.316 provides that first-degree murder, including felony murder, "shall be punished by imprisonment for life without eligibility for parole," but was amended following *Miller* to exclude defendants under 18. MCL 750.316(1). Our Supreme Court in *Parks* held that this statute is unconstitutional regarding defendants aged 18 and under because "no meaningful neurological bright line exists between age 17 and age 18," and "to treat those two classes of defendants differently in our sentencing scheme is disproportionate to the point of being cruel under our Constitution." *Parks*, 510 Mich at 266.

Defendant claims that treating defendants aged 19 to 25 differently than 18-year-olds for sentencing purposes is arbitrary. The *Parks* Court explained as follows:

We acknowledge that some of the mitigating characteristics in the scientific research submitted by amici and defense counsel apply to young adults, in some form, up to the age of 25. We also do not dispute the dissent's point that any line-drawing will, at times, lead to arbitrary results. The United States Supreme Court grappled with this same issue in *Roper [v Simmons]*, 543 US [551], 574; 125 S Ct 1183[; 161 L Ed 2d 1 (2005)], noting, "Drawing the line at 18 years of age is subject, of course, to the objections always raised against categorical rules." While

line-drawing is difficult, our Constitution compels us to make these difficult decisions. Given that *Parks* and *Poole* (the defendant in the companion case) were both 18 at the time they committed their crimes, our opinion only applies to 18-year-olds. We need not address the Michigan constitutional requirements for sentencing offenders who were over 18 years old at the time of the offense. [*Parks*, 510 Mich at 244-245.]

As the United States Supreme Court noted in *Roper*, "a line must be drawn." *Roper*, 543 US at 574. Our Supreme Court drew the line at 18 years old due to the broader protections provided by the Michigan Constitution's ban on cruel or unusual punishment, which our Supreme Court has concluded exceed the protections afforded under the Eighth Amendment of the federal constitution. *Parks*, 510 Mich at 267; Const 1963, art 1, § 16. However, the Michigan Constitution does not afford broader protections when it comes to equal protection of the law. See Const 1963, art 1, § 2. "The scope of Michigan's Equal Protection Clause is coextensive with that of its federal counterpart…." *James*, 326 Mich App at 105. Thus, the same reasoning cannot be applied to defendant's equal protection claim, and he must show that there is no rational basis for treating those aged 19-25 differently under the law.

While defendant has shown that he is treated differently than 18-year-old defendants when it comes to mandatory LWOP, he has not shown that there is no rational basis for the difference in treatment. See *James*, 326 Mich App at 106. The distinction our Supreme Court has drawn in imposing mandatory LWOP sentences for those over the age of 18 is rationally related to a legitimate governmental interest in treating younger defendants potentially less harshly due to their developing brains. See *Parks*, 510 Mich at 249-250. As stated in *Parks*, a defendant aged 18 or younger may still be sentenced to LWOP, but it is not mandatory under MCL 769.25, as it is for those over the age of 18. *Id*. at 265-266. Rather, a sentencing judge must consider the *Miller* factors before sentencing a defendant aged 18 or younger to LWOP. See MCL 769.25(6). This classification is rationally related to the state's interest in individualized consideration of the mitigating factors of youth when a defendant is 18 and under. See *Pitts*, 222 Mich App at 273. Defendant has not shown that MCL 750.316 violates equal protection.

## III. CRUEL OR UNUSUAL PUNISHMENT

Defendant next argues that MCL 750.316, providing for mandatory LWOP for defendants 19 years old and older, is unconstitutional on its face and as applied to him. We disagree.

## A. STANDARD OF REVIEW

This Court reviews for an abuse of discretion the trial court's denial of a motion for relief from judgment under MCR 6.508. *Clark*, 274 Mich App at 251. A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes. *Hess*, __ Mich App at __; slip op at 2. Constitutional questions are reviewed de novo. *People v Duenaz*, 306 Mich App 85, 90; 854 NW2d 531 (2014).

## B. ANALYSIS

A claim that a statute is unconstitutional on its face means that "there is no set of circumstances under which the enactment is constitutionally valid, while an as-applied challenge 'considers the specific application of a facially valid law to individual facts.'" *People v Adamowicz*, 346 Mich App 213, 220; 12 NW3d 35 (2023) (quotation marks and citation omitted). Defendant argues that MCL 750.65 violates the Cruel or Unusual Punishment Clause of the Michigan Constitution. A four-factor test is used to interpret Michigan's Cruel or Unusual Punishment Clause; courts are to consider (1) the severity of the sentence relative to the gravity of the offense; (2) sentences imposed in the same jurisdiction for other offenses; (3) sentences imposed in other jurisdictions for the same offense; and (4) the goal of rehabilitation. *People v Bullock*, 440 Mich 15, 33-34; 485 NW2d 866 (1992), citing *People v Lorentzen*, 387 Mich 167, 176; 194 NW2d 827 (1972).

As mentioned above, the United States Supreme Court in *Miller* concluded that mandatory life without parole is unconstitutional for those under the age of 18 at the time of their crimes. *Miller v Alabama*, 567 US 460, 465; 132 S Ct 2455; 183 L Ed 2d 407 (2012). And in *Montgomery*, the Court held that *Miller* applied retroactively to mandatory LWOP offenders under the age of 18 *Montgomery v Louisiana*, 577 US 190, 200; 136 S Ct 718; 193 L Ed 2d 599 (2016). Our Supreme Court in *Parks* further extended the age that *Miller* applied to mandatory LWOP offenders aged 18 and under. *Parks*, 510 Mich at 265-266.

Defendant argues that the Michigan Constitution also prohibits mandatory LWOP for defendants up to age 25. But the holding in *Parks* was specifically limited to defendants age 18 and under, ("[O]ur opinion only applies to 18-year-olds."). *Parks*, 510 Mich at 245. Furthermore, this Court has held that mandatory LWOP for 19-year-olds is constitutional, *People v Czarnecki*, __ Mich App __, __; __ NW3d__ (Docket No. 348732) (2023), as well as for 21-year-olds, *Adamowicz*, 346 Mich App at 220. Defendant's facial challenge thus finds no support in case law.

Our Supreme Court recently ordered oral argument on applications for leave to appeal this Court's decisions in *People v Taylor*, (Docket No. 166428), *People v Czarnecki* (Docket No. 166654), and *People v Poole* (Docket No. 166813), to address whether *Parks* should be extended to those defendants who were 20 years old at the time they committed their crimes. *People v Taylor*, 12 NW3d 444 (Mem) (2024). However, even if the Supreme Court extended *Parks* to 20-year-olds, defendant would not be among that class of offenders because he was 22 years old at the time he committed the crimes. And until the Supreme Court extends *Parks* to those 22 years old at the time of their offenses, we are bound to conclude that mandatory LWOP is constitutional for defendants over the age of 18.

When defendant's claim of cruel or unusual punishment is analyzed as applied to him, according to the *Lorentzen* factors, it also fails. An as-applied challenge "considers the specific application of a facially valid law to individual facts." *Adamowicz*, 346 Mich App at 220. The first *Lorentzen* factor considers the severity of the sentence relative to the gravity of the offense. *Bullock*, 440 Mich at 33. It is clear that a life sentence without the possibility of parole is the harshest sentence available under state law. *Adamowicz*, 346 Mich App at 223. But "[b]ecause first-degree murder is the gravest of crimes, the Legislature exercised its legitimate judgment that the gravest of crimes warranted the most severe punishment allowable under state law." *Id.*, citing *People v Hall*, 396 Mich 650, 657-658; 242 NW2d 377 (1976).

-6-

Defendant was 22 years old when he committed these crimes. Defendant was convicted of first-degree felony murder for shooting and killing his foster brother Jermaine, and assault with intent to murder for shooting and injuring his foster father Peter. When defendant shot at Peter, Peter was sitting on a couch holding his 3-year-old granddaughter. Peter pushed the little girl onto the couch and tackled defendant before defendant broke free and got away. Defendant received a mandatory life sentence without the possibility of parole. MCL 750.65. Considering defendant shot at Peter three times while he was holding a child, defendant is fortunate he did not kill three people during this tirade. A life sentence for killing one person and nearly killing another is not disproportionate. See *Bullock*, 440 Mich at 33.

The second *Lorentzen* factor compares sentences imposed in Michigan for other offenses. *Bullock*, 440 Mich at 33. A recent opinion of this Court contemplated other offenses that receive mandatory LWOP:

> The *Parks* Court recognized under this factor that "[n]onjuvenile individuals are subject to life without parole when they commit first-degree murder, commit severely violent or highly dangerous offenses, or habitually sexually assault children. MCL 791.234(6); MCL 750.316. These crimes all reflect a high degree of moral guilt." *Parks*, 510 Mich at 260. And, as the prosecution points out, our Court has upheld the constitutionality of mandatory sentences of life without parole for adults who have been convicted of these crimes, all of which are less grave than first-degree murder. See *People v Brown*, 294 Mich App 377, 390-392, 811 NW2d 531 (2011) [(affirming defendant's sentence of mandatory LWOP for first-degree criminal sexual conduct]). [*Adamowicz*, 346 Mich App at 227.]

Because our Court has upheld mandatory LWOP sentences for arguably less egregious crimes such as first-degree criminal sexual conduct when the offender has been previously convicted of a sex crime, we find this factor does not favor finding defendant's sentence unconstitutional. See *Brown*, 294 Mich at 390; MCL 750.520b(2)(C).

The third *Lorentzen* factor considers the sentences imposed for the same crime in other jurisdictions. *Bullock*, 440 Mich at 34. Defendant observes that 25 states do not impose mandatory LWOP for crimes equivalent to first-degree murder in Michigan, regardless of the age of the offender, and other countries have eliminated mandatory LWOP. *Miller*, 567 US at 486. However, this merely shows that about half of the states *do* impose mandatory LWOP. There is clearly no consensus that mandatory LWOP for 22-year-olds is unconstitutional in other jurisdictions. This factor thus favors upholding defendant's sentence.

Lastly, we consider the goal of rehabilitation. While "[r]ehabilitation is a specific goal of our criminal-punishment system," mandatory LWOP "forswears altogether the rehabilitative ideal." *Parks*, 510 Mich at 265. *Parks* found that this factor favored finding mandatory LWOP unconstitutional as applied to 18-year-olds. *Id*. But because the court specifically limited its ruling to defendants aged 18, we cannot extend its reasoning to defendant, who was 22 years old at the time he committed these crimes. In sum, the *Lorentzen* factors do not favor finding defendant's sentence of mandatory LWOP as violative of the Cruel or Unusual Punishment Clause.

## IV.  CONCLUSION

We are bound by our Supreme Court's decision in *Parks*, as well as this Court's decisions in *Adamowicz* and *Czarnecki*, to conclude that defendant's sentence of mandatory LWOP is not cruel nor unusual punishment under the law and as applied to defendant because defendant was 22 years old at the time he committed these crimes.

Affirmed.

/s/ Michael F. Gadola
/s/ Kirsten Frank Kelly
/s/ James Robert Redford